770 F.2d 166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES O. HUDSON, II, PETITIONER-APPELLANT,
v.
LAWRENCE LACK, RESPONDENT-APPELLEE.
 NO. 84-6054
 United States Court of Appeals, Sixth Circuit.
 7/12/85
 
 M.D.Tenn.
 AFFIRMED
 ORDER
 BEFORE: MARTIN, CONTIE, and WELLFORD, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of petitioner's motion for appointment of counsel. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of papers submitted by the parties and the record, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner appeals pro se from the district court order dismissing his habeas corpus petition under 28 U.S.C. Sec. 2254 for failure to exhaust state remedies. A petitioner is required to exhaust available state remedies before applying for federal habeas corpus relief. Anderson v. Harless, 459 U.S. 4 (1982); 28 U.S.C. Sec. 2254. Exhaustion requires that the federal claim be presented to the state's highest court. Meeks v. Bergen, 749 F.2d 322, 325 (6th Cir. 1984). A federal habeas petitioner must have provided state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing on his state claim. Anderson v. Harless, supra at 6; Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). As long as the substance of the federal habeas claim is presented to the state courts, the exhaustion requirement is satisfied. Koontz v. Glossa, supra, at 369. The district court concluded that petitioner had not given the state court adequate notice of his federal claim. We disagree. Petitioner relies principally on Rule 11, Tennessee Rules of Criminal Procedure, as a basis for his claim that his guilty plea was entered involuntarily. Violations of Rule 11 are not necessarily constitutional in nature. State v. Miller, 634 S.W.2d 615, 617 (Tenn. Cr. App. 1981). This particular case, however, does not involve a failure to follow the procedural requirements of Rule 11. Instead, the case involves a question of constitutional proportions, the voluntariness of petitioner's guilty plea.
 
 
 3
 A review of Tennessee state cases reveals the use of a constitutional analysis in addressing the voluntariness of a guilty plea. See, e.g., State v. Kelly, 603 S.W.2d 726 (Tenn. 1980); State v. Mackey, 553 S.W.2d 337 (Tenn. 1977). Moreover, petitioner in his state appellate brief cites to both federal and Tennessee state cases which use the constitutional approach to the guilty plea issue. We conclude that petitioner has presented the substance of his federal claim, involuntariness of his guilty plea, to the state courts. Finally, exhaustion does not require pursuit of a state remedy where such pursuit would be futile. Matlock v. Rose, 731 F.2d 1236 (6th Cir. 1984). To require petitioner to return to the Tennessee courts would be futile, since the court would apparently reiterate the same analysis used in petitioner's post-conviction relief proceedings.
 
 
 4
 Petitioner's appeal, however, still lacks merit. Petitioner asserts that he entered the guilty plea on the basis of a premise of leniency to his girlfriend. The promise of leniency to a person other than defendant does not, in and of itself, constitute coercion. United States v. Usher, 703 F.2d 956, 958 (6th Cir. 1983). Moreover, petitioner admits that he signed a waiver and stated in court that his plea was entered freely and voluntarily. While a court has the obligation to ascertain the existence of any bargains, it is not obligated to contest defendants' express representations. United States v. Usher, supra at 958. Petitioner had the opportunity to inform the court of the proposed bargain, but did not avail himself of the opportunity.
 
 
 5
 This Court may affirm the district court on grounds other than those on which the district court based its decision. City of Cleveland v. Cleveland Electric Illuminating Co., 57 F.2d 123, 128 (6th Cir. 1978).
 
 
 6
 Accordingly, it is ORDERED that petitioner's motion for appointment of counsel is denied and the district court judgment is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.