Larry Curtis CHAMBERLAIN,
Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee,
at Jackson.

Aug. 8, 1990.

W. Jeffery Fagan, Asst. Public Defender, Camden, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, G. Robert Radford, Dist. Atty. Gen., Thomas T. Woodall, Asst. Dist. Atty. Gen., Huntingdon, for appellee.

## OPINION

JONES, Judge.

The appellant, Larry Curtis Chamberlain, has appealed as of right from the judgment of the trial court dismissing his petition for post-conviction relief. Since the transcript of the guilty plea proceedings and the evidentiary hearing in this cause do not affirmatively show that the appellant voluntarily, understandingly and knowingly entered the pleas in question, the judgment of the trial court is reversed

On the 2nd day of February, 1979, the appellant entered pleas of guilty to two counts of burglary third degree, two counts of attempt to commit a felony, receiving and concealing stolen property, and carrying a dangerous weapon. Pursuant to a plea bargain agreement, the trial judge sentenced the appellant as follows: three (3) years in the penitentiary for each count of burglary third degree, two (2) years in the penitentiary for one count of attempt to commit a felony, one (1) year in the penitentiary for a second count of attempt to commit a felony, one (1) year in the penitentiary for receiving and concealing stolen property, and eleven months and twenty-nine days for the offense of carrying a dangerous weapon. The trial judge ordered that the one year sentence for attempt to commit a felony was to be served consecutively to the sentences he was serving. The remaining sentences were to be served concurrently with the sentences the appellant was serving when he was sentenced in these cases as well as the one year sentence. In summary, the appellant received an effective sentence of four years, but he was only required to serve one additional year.

The appellant executed three (3) documents when he entered his pleas of guilty. One document, entitled "Plea of Guilty", states:

The defendant, appearing in person in this cause, having been fully advised by the court of the crime charged against him, the punishment which could be met-

ed out if the defendant is found guilty and of his constitutional rights therein hereby voluntarily pleads guilty to the offense[s] of two third degree burglaries, two attempts to commit a felony, receiving & concealing & carrying a dangerous weapon.

The defendant also states to the court that his attorney being present, Honorable _____, has fully informed him of all of his rights and that after a full explanation of these rights, the defendant informed his attorney that he wanted to voluntarily enter a plea of guilty and to this decision of the defendant, said attorney agrees.

This the 2nd day of Feb., 1979.

/s/ Larry Chamberlain
Defendant

APPROVED: /s/ R.L. Dunlap, III
Attorney for Defendant

## CERTIFICATE OF JUDGE

I hereby certify that the above named defendant, being represented by R.L. Dunlap, III, a member in good standing of the Tennessee Bar, pleaded guilty to the offense[s] of (2) Third Degree Burglaries, (2) Attempt to Commit a Felony, Receiving and Concealing & Carrying a dangerous weapon and did so after a full explanation of his rights were made to him in open court.

This the 2nd day of Feb., 1979.

/s/ Dick Jerman, Sr.
Judge

The second document which the appellant executed, entitled "Waiver of Jury Fixing Punishment", provided:

I, Larry C. Chamberlain, hereby waive the action of a jury to fix my sentence on my plea[s] of guilty to the charge of two third degree burglaries, two attempts to commit a felony, receiving & concealing, & carrying a dangerous weapon and submit to the action of the Court without a jury to fix my sentence.

/s/ Larry Chamberlain
Defendant

/s/ R.L. Dunlap, III
Attorney for Defendant

Sworn to and subscribed before me this 2nd day of Feb., 1979.

/s/ S. Rondall Myers
Clerk

## CERTIFICATE OF JUDGE

I hereby certify that the above named defendant has been fully informed in open court of the charges against him and of his right to a trial by jury; that he has elected in open court to be tried in this case without the intervention of a jury and to allow the Court to try the cause, including fixing any punishment; and that he has executed the above waiver in my presence after its meaning and effect have been fully explained to him.

This 2nd day of Feb., 1979.

/s/ Dick Jerman, Sr.
Judge

The third document executed by the appellant, entitled "Waiver of Appeal", provided:

Comes the defendant in person and with counsel and states to the court that he was convicted of two third degree burglaries, two attempts to commit a felony, receiving & concealing & carrying a dangerous weapon on Feb. 2, 1979, and he does not desire to appeal his case to the Supreme Court of Tennessee. He states that this decision has been made by him voluntarily after a full and complete discussion of same with his attorney.

The defendant states that he fully understands his right to appeal his case and that he, nevertheless, desires not to appeal. His attorney agrees that defendant has no basis for appeal as there are no errors in the record.

This the 2nd day Feb., 1979.

/s/ Larry Chamberlain
Defendant

/s/ R.L. Dunlap, III
Attorney for Defendant

The proceedings conducted in open court were relatively brief. The transcript of the sentencing hearing recites:

This case came on to be heard before the Honorable Dick Jerman, Sr., on the 2nd

day of February, 1979, and the following proceedings were had, to-wit:

**GENERAL SCHOONOVER:** If the court please, this is a series of cases in which every question in it has been resolved except how the sentence is to run. The State made an offer to Mr. Chamberlain that on his plea of guilty in all cases, a total of five years in the State Penitentiary. The State also offered to recommend to Your Honor that three years of that run concurrent with a nine year sentence he is already serving in the State Penitentiary and two years run consecutive. That is the only disagreement between the defense counsel and the State. The defendant wishes that four years of it run concurrent and one consecutive. The State cannot in good conscience go along with that in view of the charges against him here; but, the State did agree to leave that matter to your Honor. The defendant has agreed also.

[WHEREUPON, After comments to the Court by General Schoonover and Mr. Dunlap, the guilty plea is as follows:]

**THE COURT:** Bring Mr. Chamberlain around. Mr. Chamberlain, you have signed these forms that I have in front of me indicating that you wish to plead guilty to two charges of burglary, two of attempt to commit a felony and one charge of carrying a dangerous weapon. You have signed a form waiving your right to a jury trial in each of the cases and waiving any right of appeal. You have also signed a form in each of the cases waiving your right of appeal. I'm sure Mr. Dunlap has explained to you that you have a right to a jury trial in these cases. Do you understand that?

**MR. CHAMBERLAIN:** Yes, sir.

**THE COURT:** You have a right to have each case tried by a jury and decided by a jury. Do you understand that?

**MR. CHAMBERLAIN:** Yes.

**THE COURT:** You have a right to appeal any decision the jury makes or the Court makes. When you sign these forms, you waive those rights. You understand as far as the manner in which the sentences are to run will be up to the Court.

**MR. CHAMBERLAIN:** Yes, sir.

**THE COURT:** Now, there is no guarantee as to whether they will be all concurrent or all consecutive. Do you understand that?

**MR. CHAMBERLAIN:** Yes, sir.

**THE COURT:** Understanding your rights in this matter, do you plead guilty to two charges of burglary, two charges of attempt to commit a felony and one charge of carrying a dangerous weapon?

**MR. CHAMBERLAIN:** Yes, sir.

**THE COURT:** On your plea of guilty in the two burglary cases, I'll sentence you to serve three years each. On this 10049, attempt to commit a felony, you are sentenced to serve two years. On the case of attempt to commit a felony and receiving and concealing stolen property, Indictment No. 10052, I'll sentence you to serve one year. On the carrying a pistol, eleven months and 29 days. I'll run the one year sentence consecutive with the other sentence. All the other sentences will run concurrently with what you are serving. You have got one year in addition to what you are doing. Do you understand that?

**MR. CHAMBERLAIN:** Yes, sir. Thank you, sir.

The three documents and the transcript of the sentencing hearing constitute the record of the guilty plea proceedings.

In *Boykin v. Alabama*,[1] the United States Supreme Court ruled that when the defendant enters a plea of guilty, the transcript of the proceeding must affirmatively show that the defendant voluntarily, understandingly and knowingly entered the plea. If the transcript does not establish this fact, the plea is constitutionally infirm. The transcript in *Boykin* revealed that "the judge asked no questions of petitioner concerning his plea, and petitioner did not ad-

1. 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

dress the court".[2] The Court said that "[i]t was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea[s] without an affirmative showing that it was intelligent and voluntary".[3] At another point in the opinion the Court said "[t]he three dissenting justices in the Alabama Supreme Court stated the law accurately when they concluded that there was reversible error 'because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty' ".[4] The appellate courts of this State have applied the mandate of *Boykin*.[5]

The Tennessee Supreme Court, recognizing the need to create a procedure that mandated compliance with *Boykin*, established such a procedure in *State v. Mackey*.[6] A year later, the Tennessee Rules of Criminal Procedure were adopted. The rules became effective July 13, 1978.[7] Both Rule 11, which governs guilty plea proceedings, *Boykin v. Alabama*, supra, and *State v. Mackey*, supra, are applicable to the guilty pleas in question. The appellant entered the guilty pleas ten (10) years after *Boykin*, a year and one-half after *Mackey* was decided, and eight months after the effective date of the Rules.

Rule 11(c) and *Mackey* require that the trial judge address the defendant personally in open court. The trial judge is further required to explain certain information and constitutional rights to the defendant, and he must ascertain whether the defendant understands the information and constitutional rights. The trial judge must explain to the defendant:

a.) the nature of the offense to which the plea is offered;[8]

b.) the mandatory minimum penalty and the maximum penalty prescribed by law;[9]

c.) when the defendant appears without counsel, the right to be represented by an attorney, and, if indigent, counsel will be appointed to represent him;[10]

d.) the right to plead not guilty or persist in that plea if such a plea has been previously entered;[11]

e.) the right to trial by jury;[12]

f.) the right to the assistance of counsel if the defendant elected to go to trial;[13]

g.) the right to confront and cross-examine the state's witnesses if he elected to go to trial;[14]

h.) the privilege against compulsory self-incrimination, which could be invoked if he went to trial;[15]

i.) a plea of guilty waives the right to a trial, and only a sentencing hearing will be conducted;[16]

j.) the trial judge may ask him questions about the offenses to which he is pleading guilty, he must answer the questions under oath, and his answers may later be used against him in a prosecution for perjury or false statement if he doesn't answer the questions truthfully;[17]

k.) a different or additional punishment may result by reason of his prior convic-

**2.** 395 U.S. at 239, 89 S.Ct. at 1710, 23 L.Ed.2d at 277.

**3.** 395 U.S. at 242, 89 S.Ct. at 1711, 23 L.Ed.2d at 279.

**4.** 395 U.S. at 244, 89 S.Ct. at 1713, 23 L.Ed.2d at 280.

**5.** *See*, e.g., *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977); *Ledford v. State*, 708 S.W.2d 419 (Tenn.Crim.App.1985); *State v. Miller*, 634 S.W.2d 615 (Tenn.Crim.App.1981).

**6.** *State v. Mackey*, supra at 341–342.

**7.** Tenn.R.Crim.P. 59 Committee Comment.

**8.** Tenn.R.Crim.P. 11(c)(1).

**9.** Tenn.R.Crim.P. 11(c)(1). *Pitts v. United States*, 763 F.2d 197, 200–201 (6th Cir.1985).

**10.** Tenn.R.Crim.P. 11(c)(2).

**11.** Tenn.R.Crim.P. 11(c)(3).

**12.** Tenn.R.Crim.P. 11(c)(3).

**13.** Tenn.R.Crim.P. 11(c)(3).

**14.** Tenn.R.Crim.P. 11(c)(3).

**15.** Tenn.R.Crim.P. 11(c)(3).

**16.** Tenn.R.Crim.P. 11(c)(4).

**17.** Tenn.R.Crim.P. 11(c)(5).

tions or other factors which may be established after the entry of his plea;[18] and

l.) evidence of any prior convictions may be presented for consideration in determining the appropriate punishment.[19]

In addition, the trial judge must ascertain whether there is a factual basis for the plea,[20] the plea is being voluntarily entered,[21] the defendant's understanding of his entry of the plea,[22] and whether the defendant's willingness to plead guilty is a result of discussions between the district attorney general and the defendant or his attorney[23] before accepting the defendant's plea.

■ As can be seen from the colloquy between the trial judge and the appellant in the case *sub judice*, the only right the trial judge explained to the appellant was the right to trial by jury. Moreover, the trial judge did not inquire if (a) there was a factual basis for the offenses to which the appellant was pleading guilty—the assistant district attorney general did not provide the trial judge with a summary of the facts,[24] (b) the appellant was entering the pleas freely and voluntarily, or (c) the pleas were the result of a promise or plea bargain agreement.[25] Nor did the trial judge inquire into the appellant's understanding of the effect of his plea.

The trial court placed considerable reliance upon the forms executed by the appellant, defense counsel, and the trial judge in concluding that the record established the appellant voluntarily, understandingly and knowingly entered the pleas. This reliance was misplaced.

The written documents did not relieve the trial judge from addressing the appellant in open court as required by Rule 11(c) and *Mackey*, or making the necessary determinations mandated by Rule 11(d) and (f) as well as *Mackey*.[26] In *Rounsaville v. Evatt*, supra, where the defendant executed a "Petition to Enter Plea of Guilty", our Supreme Court said:

The requirement [of Rule 11] that all of these matters be expressly covered by the trial judge in open court, and that the verbatim record affirmatively so show, cannot be satisfied by the use of a form, no matter how complete, and an abbreviated inquiry by the trial judge in open court, that the defendant understands the matters covered therein.[27]

In *United States v. Del Prete*, supra, the court said:

Requesting a defendant to review and sign a written document setting forth the advice required by Rule 11(c) is a proper procedure that may be of substantial assistance to the defendant in understanding the consequences of his plea, but it is emphatically *not a substitute* for the clear dictates of the rule which requires that the trial judge address the defendant in open court as to each of such matters.[28] (emphasis added)

Moreover, the forms contained broad, conclusory statements regarding the rights allegedly explained to the appellant.[29] The "Plea of Guilty" form stated that the trial

18. *State v. Mackey*, supra, at 341.

19. *State v. Mackey*, supra, 553 S.W.2d at 341.

20. Tenn.R.Crim.P. 11(f). *See United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir.1988).

21. Tenn.R.Crim.P. 11(d).

22. *State v. Mackey*, supra, 553 S.W.2d at 341.

23. Tenn.R.Crim.P. 11(d).

24. A trial judge may not assume there is a factual basis for the offenses from a silent record. *See United States v. Goldberg*, supra, at 106.

25. It was obvious to all concerned that the pleas were being entered pursuant to a plea bargain agreement, and, as announced, the only question to be determined was whether the sentences were to be served concurrently or consecutively.

26. *Rounsaville v. Evatt*, 733 S.W.2d 506, 508 (Tenn.1987); *United States v. Del Prete*, 567 F.2d 928, 930 (9th Cir.1978); *State v. Browning*, 245 Kan. 26, 774 P.2d 935, 940 (1989).

27. 733 S.W.2d at 508.

28. 567 F.2d at 930.

29. Cf. *United States v. Sherman*, 474 F.2d 303 (9th Cir.1973), where the form enumerated several constitutional rights.

judge advised the appellant of "his constitutional rights". The form further stated that the attorney representing the appellant "fully informed him of his rights". The certificate of the trial judge states that the appellant "pleaded guilty ... after a full explanation of his rights were made in open court". Of course, the record does not support these statements. As previously stated, the only right explained by the trial judge in open court was the right to trial by jury, which the appellant waived by executing a separate form.

Neither *Boykin* nor Rule 11 describes the nature and extent of the colloquy that must appear on the face of the transcript before the trial judge can accept the defendant's plea. It is clear, however, that the explanations given by the trial judge and the inquiries he must make need not assume "any predetermined, ritualistic form"[30] or a "particular litany".[31] Nor is a "catechism" of the constitutional rights waived by the entry of a guilty plea required.[32] But the trial judge is required to explain the rights and information set forth in Rule 11(c) adequately, and he is required to make sure that the defendant understands same. The trial judge must also determine whether there is a factual basis for the offenses to which the defendant is pleading guilty. This can be accomplished by the assistant district attorney general stating a summary of the facts or questioning the appellant to ascertain this information. The trial judge must also question the defendant to determine whether he is entering the plea freely and voluntarily; and he must further determine whether the

defendant understands and appreciates the effect of the plea he is entering.

No court can formulate a precise procedure or standard that must be used in every case. The nature of the offense, the punishment for the offense, and the intellectual level of the defendant will vary from case to case. However, a trial judge should ask a sufficient number of questions to ensure that the defendant understands and appreciates the effect of his plea, and the defendant is entering the plea freely and voluntarily. As the United States Supreme Court said in *Boykin:*

> What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought ..., and forestalls the spin-off of collateral proceedings that seek to probe murky memories.[33]

We conclude that the transcript of the guilty plea proceedings and the documents executed by the appellant do not affirmatively "disclose that the ... [appellant] voluntarily and understandingly entered his pleas of guilty"[34] as mandated by *Boykin, Mackey,* and Rule 11, Tennessee Rules of Criminal Procedure.[35] However, this does not end our inquiry.[36]

When the transcript, as here, is inadequate to establish that the plea passes constitutional muster, or otherwise does not comport with the applicable law, the

---

**30.** *United States v. Sherman,* supra, 474 F.2d at 305.

**31.** *Rouse v. Foster,* 672 F.2d 649, 651 (8th Cir. 1982). *See Stacey v. Solem,* 801 F.2d 1048, 1050 (8th Cir.1986); *Campbell v. Marshall,* 769 F.2d 314, 324 (6th Cir.1985); *cert. denied,* sub nom *Campbell v. Morris,* 475 U.S. 1048, 106 S.Ct. 1268, 89 L.Ed.2d 576 (1986); *Armstrong v. Egeler,* 563 F.2d 796, 799 (6th Cir.1977).

**32.** *Wade v. Coiner,* 468 F.2d 1059, 1061 (4th Cir.1972).

**33.** 395 U.S. at 243–244, 89 S.Ct. at 1712–1713, 23 L.Ed.2d at 280.

**34.** *Boykin v. Alabama,* 395 U.S. at 244, 89 S.Ct. at 1713, 23 L.Ed.2d at 280

**35.** *See State v. Mackey,* supra; *Ledford v. State,* supra; *State v. Miller,* supra; *Rudolph v. Parke,* 856 F.2d 738 (6th Cir.1988); *Jones v. Parke,* 734 F.2d 1142 (6th Cir.1984). *See also Gonzales v. Grammer,* 848 F.2d 894 (8th Cir.1988); *Sena v. Romero,* 617 F.2d 579, 580 (10th Cir.1980); *Griffith v. Wyrick,* 527 F.2d 109 (8th Cir.1975).

**36.** *See Pitts v. United States,* 763 F.2d 197, 200 (6th Cir.1985).

burden shifts to the state to prove that the defendant voluntarily, understandingly and knowingly entered the pleas.[37] In *Roddy v. Black*, supra, the Sixth Circuit Court of Appeals said:

> If the discussion between defendant and trial judge at the time of the plea's acceptance leaves doubt as to whether a plea was in fact voluntary and intelligent, ... a defendant is not automatically entitled to reversal of his conviction. Rather, in that circumstance if a defendant argues in a post-conviction proceeding that his plea was entered without his consent or without an understanding of the plea's nature and consequences, *Boykin* places a burden on the State to prove the contrary....[38]

The State "may not utilize a presumption to satisfy its burden of persuasion".[39] It may, however, introduce extrinsic evidence to establish that the plea was voluntarily, understandingly, and knowingly entered.[40] Federal law controls the evidentiary and procedural standards which a state may utilize when it reverts to extrinsic evidence.[41]

■ The State may present as witnesses the trial judge, the assistant district attorney general who represented the State, the attorney who represented the defendant, the clerk as well as any other person who was present when the defendant entered his pleas to meet its burden of persuasion.[42] Also, the State may establish by the cross-examination of the defendant that he knew the factual information and constitutional rights omitted by the trial judge.[43] Here, the State attempted to establish the validity of the pleas by cross-examining the appellant and presenting the attorney who represented the appellant as a witness.

The attorney described the appellant as "bright", "highly intelligent", and "had a great future if he could get out of doing things that weren't legal". The following colloquy occurred regarding the advice he gave the appellant:

Q. ... [D]id you advise your clients,—or do you remember in particular advising Mr. Chamberlain of his various constitutional rights?

A. I do not.

Q. Did you advise your client at that time of their constitutional rights,—before they would enter a guilty plea?

A. I hope that I did,—it certainly was my duty to do so, but as far as specifically telling Mr. Chamberlain something I can't remember that.

Regarding the voluntary nature of the appellant's plea, the following colloquy occurred:

Q. ... [D]id it appear to you that he wanted to plead guilty that day?

A. Yes, sir. I may say that he voluntarily did,—but I don't know if he wanted to or not.

Q. ... [I]t appeared to be voluntary to you?

A. Yes, sir.

**37.** *Rudolph v. Parke,* supra, 856 F.2d at 740; *Sizemore v. Dist. Ct., 50th Jud. Dist., Boyle County.,* 735 F.2d 204, 207 (6th Cir.1984); *Roddy v. Black,* 516 F.2d 1380, 1384 (6th Cir.1975), *cert. denied,* 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1975). *See United States v. Goodheim,* 651 F.2d 1294, 1299 (9th Cir.1981); *Sena v. Romero,* supra, 617 F.2d at 580; *United States v. Pricepaul,* 540 F.2d 417, 423–424 (9th Cir.1976).

**38.** 516 F.2d at 1384.

**39.** *Dunn v. Simmons,* 877 F.2d 1275, 1277 (6th Cir.1989), *cert. denied.* — U.S. —, 110 S.Ct. 1539, 108 L.Ed.2d 778 (1990).

**40.** *Dunn v. Simmons,* supra, 877 F.2d at 1277; *Pitts v. United States,* supra, 763 F.2d at 200; *Sizemore v. Dist. Ct., 50th Jud. Dist., Boyle County.,* supra, 735 F.2d at 207; *Roddy v. Black,* supra, 516 F.2d at 1384. *See United States v.*

*Goodheim,* supra, 651 F.2d at 1299; *Sena v. Romero,* supra, 617 F.2d at 580; *United States v. Pricepaul,* supra, 540 F.2d at 422; *Griffith v. Wyrick,* supra, 527 F.2d at 112; *Todd v. Lockhart,* 490 F.2d 626, 627–628 (8th Cir.1974); *McChesney v. Henderson,* 482 F.2d 1101, 1109 (5th Cir.1973), *cert. denied,* 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974); *State ex rel. LeBlanc v. Henderson,* 261 La. 315, 259 So.2d 557, 560 (1972).

**41.** *Dunn v. Simmons,* supra, 877 F.2d at 1277.

**42.** *See Dunn v. Simmons,* supra, 877 F.2d at 1277; *Pitts v. United States,* supra, 763 F.2d at 200.

**43.** *See Pitts v. United States,* supra.

Q. And were you satisfied or would you allow any client to plead guilty that did not know his rights,—that did not understand his rights, his constitutional rights?

A. I hope not.

■ In determining whether a plea of guilty is voluntarily, understandingly and intelligently entered, this Court, like the trial court, must consider all of the relevant circumstances that existed when the plea was entered.[44] In *Cochran v. Norvelle*[45] the Sixth Circuit Court of Appeals said that "a reviewing court may look at any relevant evidence in the record of the proceedings—including post-conviction proceedings—to determine the voluntariness of a guilty plea".[46] In short, whether a defendant's plea was voluntarily, understandingly and knowingly entered is to be determined based upon the totality of the circumstances.[47]

■ As previously stated, the transcript of the sentencing hearing and the documents executed by the appellant do not affirmatively demonstrate that the appellant voluntarily, knowingly and understandly entered the pleas of guilty that are challenged in this proceeding. The extrinsic evidence introduced at the hearing does not clearly and convincingly[48] establish, independently or when considered with the transcript and documents, that the appellant's pleas of guilty were voluntarily, understandingly and knowingly entered in the constitutional sense.[49]

This cause is remanded to the trial court with instructions to set aside the appellant's pleas of guilty and the resulting judgments of conviction, entered February 2, 1979, and for further proceedings consistent with this opinion.

BIRCH, J., and ALLEN R. CORNELIUS, Special Judge, concur.

---

**44.** *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 757 (1970).

**45.** 446 F.2d 61 (6th Cir.1971).

**46.** 446 F.2d at 63.

**47.** *Sparks v. Sowders,* 852 F.2d 882, 885 (6th Cir.1988); *Caudill v. Jago,* 747 F.2d 1046, 1050 (6th Cir.1984); *Brown v. Perini,* 718 F.2d. 784, 786 (6th Cir.1983); *Griffith v. Wyrick,* 527 F.2d 109, 112 (8th Cir.1975).

**48.** The Sixth Circuit Court of Appeals has ruled that the clear and convincing standard applies when the State attempts to establish that the plea was voluntarily, understandingly and knowingly entered through extrinsic evidence.

*Dunn v. Simmons,* supra, 877 F.2d at 1277; *Roddy v. Black,* supra at 1384. In *Dunn* the court said that the evidentiary and procedural standards that a state uses when determining the validity of a guilty plea are governed by federal law.

**49.** If the State had carried its burden of persuasion, i.e., proving the pleas were voluntarily, understandingly and knowingly entered, the burden of persuasion would have shifted back to the appellant to establish that the pleas could not pass constitutional muster. *See United States v. Taylor,* 882 F.2d 1018, 1031 (6th Cir. 1989).