IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 6, 2004 Session

## GARY JOHNSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. 4062     Joe H. Walker, Judge**

---

**No. W2003-00220-CCA-R3-PC  - Filed May 3, 2004**

---

The petitioner pled guilty to one count of burglary and one count of theft of property between $1,000 and $10,000 on August 21, 2001.  He was sentenced to twelve years for each offense to run concurrently to be served at sixty percent as a career offender.  The petitioner filed a petition for post-conviction relief on April 16, 2002.  The trial court denied the petition on January 13, 2003.  The petitioner appeals this denial alleging that he was afforded ineffective assistance of counsel and his plea was not knowingly, intelligently and voluntarily entered.  We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and THOMAS T. WOODALL, JJ., joined.

J. Barney Witherington, IV, Covington, Tennessee, for the appellant, Gary Johnson

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; Elizabeth Rice, District Attorney General; and Kim Linville, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Factual Background

On November 6, 2000, the Tipton County Grand Jury indicted the petitioner with burglary and theft of property between $1,000 and $10,000.  The petitioner's indictment was for some stolen minibikes that were found in an abandoned pick-up truck owned by a Mr. Leon Wells.  At the

preliminary hearing, Mr. Wells stated that the petitioner borrowed his pick-up truck the night the minibikes were stolen. Trial counsel believed that Mr. Wells was a believable witness and told the petitioner that if Mr. Wells testified at trial, the petitioner would likely be convicted. Trial counsel believed this to be especially true in light of the petitioner's extensive criminal record.

At some point between the preliminary hearing and the trial date, the State offered the petitioner a plea bargain. However, the petitioner maintained that Mr. Wells would not be present to testify at the trial and, therefore, rejected the plea offer. The plea offer was on the table up until the day before trial. Trial counsel repeatedly tried to get the petitioner to accept the plea. The petitioner refused. On August 21, 2001, the day of trial, Mr. Wells arrived to testify at trial. After consulting with trial counsel, the petitioner pled guilty to both counts as charged in the indictment. At a separate sentencing hearing on January 18, 2001, the trial court sentenced the petitioner to twelve years as a career offender for each offense to be served concurrently at sixty percent as a career offender.

On April 16, 2002, the petitioner filed a petition for post-conviction relief. After a hearing held January 10, 2003, the trial court entered an order denying the petition on January 13, 2003.

The petitioner appeals the trial court's order denying his petition for post-conviction relief. He argues that his petition should have been granted because: (1) he was afforded ineffective assistance of counsel at the trial level and (2) he did not enter into his guilty plea knowingly, intelligently and voluntarily.

**Standard of Review**

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim .App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. See State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

**Effectiveness of Assistance of Counsel**

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. See Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the

petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. See id. at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. Burns, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. See Adkins, 911 S.W.2d at 347. This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. See id. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. See Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The petitioner argues that trial counsel was ineffective for allowing him to plead to the indictment as charged and then agree to a sentence of the maximum penalty. He argues that trial counsel did not inform him of the possible penalty and that he would not have pled guilty had he known he could be considered a career offender and be sentenced to twelve years to be served at sixty percent.

The petitioner presented two witnesses, in addition to himself, at the post-conviction hearing. The petitioner testified that trial counsel told him that the best thing to do was plead guilty and that he would probably get house arrest or probation or he would be taken into custody immediately and given fifteen years. The petitioner stated that trial counsel never told him there was a possibility that he would be sentenced as a career offender. The petitioner testified that he gave several names to trial counsel as alibi witnesses, Betty Davis (also known as Betty Pratt) who employed him, her husband Charles Pratt, Josephine Adams, and Sherry Johnson.

Josephine Adams testified at the post-conviction hearing. She stated that she was the petitioner's girlfriend. However, she did not actually know the petitioner at the time he committed the offense. She stated in her testimony that she could not have been an alibi witness for him for these offenses. Lisa Wilson also testified at the post-conviction hearing. She is the petitioner's sister. She testified that she believed trial counsel was asleep at the sentencing hearing. However,

she also stated she did not know anything about the facts of the case other than what she had been told.

Trial counsel also testified at the post-conviction hearing. He testified that he urged the petitioner to take the plea bargain offered to him by the State between the preliminary hearing and the trial date. The petitioner repeatedly refused. When Mr. Wells arrived to testify at the trial, the petitioner changed his mind and then wanted to plea. Unfortunately, at that time, there was no longer a deal to be had, and he pled guilty with no assurance of what his sentence would be. Trial counsel testified that he told the petitioner that the State considered him a career offender and wanted him to be sentenced as such, but that he would make sure that he was indeed a career offender before the sentencing hearing. Trial counsel advised the petitioner to plead guilty because he did not believe that he had a chance of being acquitted at trial because of the believability of the witnesses and the petitioner's extensive record. Trial counsel testified that he did not tell the petitioner he was eligible for house arrest or probation. He also did not recall the petitioner mentioning any other potential alibi witnesses other than Ms. Davis and Mr. Pratt, who both refused to testify at trial because they had nothing to say.

With regard to trial counsel, the trial court made the following findings:

> The Court accredits the testimony of [trial counsel]. The petitioner was not assured that he would serve his sentence under house arrest or community corrections.
> The Court finds that [trial counsel] provided adequate assistance; he met with petitioner and discussed the case, he heard the proof at the preliminary hearing, he spoke to witnesses. The Court accredits [trial counsel]'s testimony about the lack of alibi witnesses being presented. The defendant presented two witnesses at the hearing, neither of which presented an alibi defense for the defendant.
> Petitioner failed to show any pre-trial motions of any consequence that [trial counsel] failed to file, or that such failure was prejudicial.

We have reviewed trial counsel's testimony at the post-conviction hearing. We have found no evidence that preponderates against what the trial court included in its findings of fact.

We cannot conclude from the evidence presented that trial counsel's services were below the competence demanded of attorneys in criminal cases. Trial counsel tried to persuade the petitioner to take the plea bargain the State offered him. The petitioner refused, so trial counsel had no choice but to proceed to trial. The petitioner repeatedly assured trial counsel that the owner of the truck used to steal the minibikes would not be at the trial to testify. When this witness arrived to testify, despite his slashed tires, the petitioner chose to plead guilty. The plea offer was no longer available. The petitioner entered a plea and was subject to a sentence imposed by the trial court. Trial counsel could not control the decision of the trial court. Trial counsel's representation of the petitioner was not deficient.

**Voluntariness of Guilty Plea**

When evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S.25, 91 S. Ct. 160, 164 (1970). The court reviewing the voluntariness of a guilty plea must look to the totality of the circumstances. See State v. Turner, 191 S.W.2d 346, 353 (Tenn. Crim. App. 1995); see also Chamberlain v. State, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Specifically, a reviewing court must consider "the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993).

The petitioner argues that he did not enter his plea knowingly, intelligently and voluntarily because he was unaware that he would be charged as a career offender, was assured that he would receive community corrections or probation, and his guilty plea form did not indicate the possible length of sentence, offender classification, range of sentence, or percentage of sentence.

In the findings of fact, the post-conviction court found that the petitioner did indeed understand the significance of his plea and that he was fully aware of the consequences of his plea. The post-conviction court also stated that the petitioner understood the possible sentence. We have found no evidence that preponderates otherwise.

At the plea agreement submission hearing, the following exchange occurred between the trial court and the petitioner:

> [COURT:] I understand the plea arrangement to be that you're entering a plea of guilty to the indictment as charged. These are D felonies, and they carry a range of punishment of not less than two years to serve 30 percent, up to not more than 12 years to serve 60 percent. The State has filed notice indicating that they seek to have you sentenced as an enhanced offender; that is, either a Range two or Range three offender.
>
> Your attorney has indicated that he feels that some of these convictions should be considered as one conviction; that is, some of the convictions on the notice that's been filed in this matter should be considered as one conviction due to the event dates being the same.

Those are decisions that will have to be made at a sentencing hearing; that is, the range of punishment, the percent of sentence to be served before release classification, and whether or not you're qualified for probation or alternate sentencing. And even though that's asked for, those are all decisions that would have to be made at a sentence hearing at a later date. Do you understand that?

[THE PETITIONER]:          Yes, sir.

Clearly, the trial court set out the possibility of an extensive sentence at the guilty plea hearing and the petitioner indicated he understood that.

As stated above, we must also look at the totality of the circumstances surrounding the plea. As far as the relative intelligence of the petitioner, the petitioner completed the tenth grade and left school to work with his father. At the time of his guilty plea, he was employed as a carpenter, which is generally considered to be a skilled occupation. The petitioner was very familiar with criminal proceedings as evidenced by his prior record. The petitioner had ten prior convictions for either burglary or theft of property. He also had other convictions for evading arrest and various traffic offenses. The petitioner had pled guilty on at least one other occasion to two of the above-mentioned theft of property convictions. The petitioner was represented by competent counsel. His trial counsel had been practicing for eighteen years and estimated criminal law to be 90 percent of his practice. The petitioner had time to confer with trial counsel prior to pleading guilty. The trial court adequately informed the petitioner of the sentencing situation surrounding the guilty plea. The petitioner chose to plead guilty because of the unexpected appearance of Mr. Wells. All parties appeared to believe that if Mr. Wells testified that the petitioner's conviction was virtually assured.

Based on the totality of the circumstances, we conclude that the petitioner entered a knowing and voluntary plea.

## Conclusion

For the reasons stated above, we affirm the decision of the trial court to deny post-conviction relief to the petitioner.

_____
JERRY L. SMITH, JUDGE