# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 13, 2010

## STATE OF TENNESSEE v. GARY LYNN MORGAN

**Appeal from the Circuit Court for Lincoln County**
**No. S0700148     Robert Crigler, Judge**

_____

**No. M2009-00737-CCA-R3-CD - Filed February 25, 2010**

_____

The Defendant, Gary Lynn Morgan, pleaded guilty, just prior to trial and in front of the jury, to two counts of evading arrest, one a felony and the other a misdemeanor. He proceeded to trial on the remaining counts of the indictment, and the jury found the Defendant guilty. On appeal, the Defendant argues that, because the trial court failed to question him in accordance with constitutional and supervisory authority mandates, the trial court erred by denying his request to set aside his guilty pleas. Finding no reversible error, we affirm the judgments of the Lincoln County Circuit Court. We remand solely for the purpose of entry of corrected judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed; Remanded**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Melissa L. Thomas, Fayetteville, Tennessee, for the appellant, Gary Lynn Morgan.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Charles Crawford, District Attorney General; and Ann L. Filer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On October 10, 2006, the Defendant led police on a car chase through Alabama and Tennessee, the chase lasting about thirty minutes. During the chase, he passed at least one

vehicle on the side of the road and one oncoming car; he also tried to hit three different police vehicles to avoid capture. Ultimately, the Defendant exited the vehicle and began to run. While running, the Defendant hit a police officer in the face and knocked off his glasses. The Defendant was eventually apprehended by the officers.

On November 20, 2007, a Lincoln County grand jury returned an eleven-count indictment against the Defendant: Count 1—evading arrest by motor vehicle; Counts 2 through 4—aggravated assault; Counts 5 through 8—reckless endangerment with a deadly weapon; Count 9—evading arrest on foot; Count 10—resisting arrest; and Count 11—assault. See Tenn. Code Ann. §§ 39 -13-101, -13-102, -13-103, -16-602, -16-603

Trial began on August 7, 2008. After the jury was sworn, the prosecutor read the indictment. Count 1 reads as follows:

> [The Defendant] on or about the 10th day of October, 2006, in Lincoln County, Tennessee, . . . while operating a motor vehicle on a street, road, alley or highway in the state, did intentionally flee or attempt to elude law enforcement officers after having received a signal from such officers to bring the vehicle to a stop, and the [D]efendant's flight or attempt to elude created a risk of death or injury to innocent bystanders or other third parties . . . .

The other pertinent count, Count 9, provides as follows:

> [The Defendant] on or about the 10th day of October, 2006 in Lincoln County, Tennessee, . . . intentionally did flee from Lincoln County Sheriff's Department Deputy Tull Malone, known to him to be a law enforcement officer and he did know the officer was attempting to arrest him . . . .

The trial court then asked the Defendant for his plea to the charges. The Defendant stated, "Your Honor, I plead guilty to evading arrest but that is all I am guilty of, sir." Thereafter, the following colloquy took place between the trial court and the Defendant:

> THE COURT: There are two counts of that. Count 1 is evading arrest by a motor vehicle and [C]ount 9 is evading arrest on foot. I need to understand what your plea is.
>
> THE DEFENDANT: I am pleading guilty to both of them.
>
> THE COURT: Then for the record what is your plea to [C]ount 1, evading arrest by a motor vehicle?

THE DEFENDANT:  Guilty.

THE COURT:  What is your plea to [C]ount 9, evading arrest on foot?

THE DEFENDANT:  Guilty.

THE COURT:  Are those guilty pleas your free and voluntary decision?

THE DEFENDANT:  Yes, sir.

THE COURT:  Has anybody promised you anything to get you to plead guilty to those two counts?

THE DEFENDANT:  No, sir.

THE COURT:  Has anybody threatened you in any way?

THE DEFENDANT:  No, sir.

THE COURT:  All right.

The Defendant then proceeded to trial on the remaining charges.  Following the conclusion of proof, the jury found the Defendant guilty of four counts of simple assault, four counts of reckless endangerment (only one count with deadly weapon), and one count of resisting arrest.  A sentencing hearing was held on October 21, 2008.  At the conclusion of the sentencing hearing, the trial court imposed an effective ten-year sentence for all of the Defendant's convictions, including the two counts to which the Defendant had pleaded guilty.  Judgments were entered that same day.

The Defendant then filed a timely motion for new trial or judgment of acquittal on November 17, 2008.  An amended motion was later filed.  The Defendant argued therein that the trial court failed to follow the proper procedure for accepting his guilty pleas for the two counts to which he pleaded guilty.  The trial court denied the motion, and this appeal followed.

**Analysis**
The Defendant alleges that his pleas were involuntarily entered because the trial court failed to comply with the requirements of Rule 11, Tennessee Rules of Criminal Procedure,

and he requests that we set aside his guilty pleas. He argues that the trial court failed to inform him of the charges and the potential penalties he faced[1] and that "[t]here is no evidence in the record that the [D]efendant knew he was entering a plea to a D felony Evading Arrest as a Range II offender . . . ." Additionally, he notes that his pleas were never reduced to writing and were taken in front of the jury.

At the February 3, 2009 motion for new trial hearing, the trial court first concluded that the issue was covered by Rule 33 (covering a motion for new trial or judgment of acquittal), not Rule 32 (covering a motion to withdraw a guilty plea), and that, pursuant to Rule 4 of the Tennessee Rules of Appellate Procedure, the judgment became final thirty days after the Defendant was sentenced on October 21, 2008. The trial court ruled that, even if the proper Rule 32 motion was filed, the court no longer had the authority to set aside the guilty pleas.

The timely filing of a motion to withdraw a guilty plea or a motion for new trial tolls this thirty-day period until entry of the order denying or granting the motions. See Tenn. R. App. P. 4. The Defendant filed a timely motion for new trial or judgment of acquittal under Rule 33. In the motion the Defendant argued that the trial court failed to follow the proper procedure for accepting his guilty pleas, a topic covered by Rule 32. We note that a trial court is not bound by the title of a pleading but has the discretion to treat it according to its substance. See Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995). Therefore, we conclude that the trial court could have considered the motion.

Despite the ruling that the judgment had become final, the trial court found the Defendant's pleas to be voluntary and explained its reasoning as follows:

> The Court finds that that indictment—the State had read the indictment just prior to the [D]efendant's plea. The [D]efendant's plea was a free and voluntary plea that was done and the [c]ourt is going to find as part of the strategy of trial counsel at the time of the plea to those two offenses and argued to the jury that look, the [D]efendant has pled guilty to these two and he is being over charged. Just acquit him on the other ones and he will be punished for what he has pled guilty to.

---

[1] Flight or an attempt to elude officers while operating a motor vehicle is a Class E felony, unless, the flight or attempt to elude by motor vehicle creates a risk of death or injury to innocent bystanders or other third parties, which makes the offense a Class D felony. See Tenn. Code Ann. § 39-16-603.

There is no action by the [c]ourt or the State that prompted, forced, coerced, threatened that plea out of [the Defendant]. It was spontaneous and surprized [sic] everybody I suspect. It is common practice down here.

It is true that I did not comply with Rule 11. However, over the years I have seen it [done]. I have never heard a court after voir dire, which the voir dire is not part of the transcript. It does reflect that this proceeding occurred after voir dire that day. That being August 7th, 2008.

And after the jury was selected the [c]ourt asked that the indictment be read; asked what the [D]efendant's plea was. The [D]efendant pled guilty to those particular counts.

It is a D felony as noted from Count 1.

When evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 30 (1970). The court reviewing the voluntariness of a guilty plea must look to the totality of the circumstances. See State v. Turner, 191 S.W.2d 346, 353 (Tenn. Crim. App. 1995); see also Chamberlain v. State, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Specifically, a reviewing court must consider "the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial." Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993).

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Id. at 904. The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999); Blankenship, 858 S.W.2d at 904.

In Boykin v. Alabama, the United States Supreme Court held that an accused's guilty plea must be voluntarily, knowingly, and understandingly entered before a conviction resting upon a guilty plea may comply with due process. 395 U.S. 238 (1969). In Boykin, the Supreme Court stated that a guilty plea constituted a waiver of various rights and that it would not presume a waiver of the following federal constitutional rights from a silent

-5-

record: (1) the privilege against compulsory self-incrimination; (2) the right to trial by jury; and (3) the right to confront one's accusers. Id. at 242. Thus, Boykin placed a premium on a showing in the record of a sufficient waiver of these specified rights.

Exercising "its supervisory power to [e]nsure that the courts of this State afford fairness and justice to defendants in criminal cases," our Supreme Court developed stricter standards than those mandated by the Boykin decision in State v. Mackey, 553 S.W.2d 337, 340-41 (Tenn. 1977), superseded on other grounds by Tenn. R. Crim. P. 37(b) & Tenn. R. App. P. 3(b). Mackey requires that trial judges accepting pleas of guilty in criminal cases substantially adhere to the following procedure:

> [T]he court must address the defendant personally in open court and inform him of, and determine that he understands, the following: (1) The nature of the charge to which the plea is offered, and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and, if applicable, that a different or additional punishment may result by reason of his prior convictions or other factors which may be established in the present action after the entry of his plea; and (2) If the defendant is not represented by an attorney, that he has a right to be represented by an attorney at every stage of the proceeding against him, and if necessary, one will be appointed to represent him; and (3) That he has a right to plead not guilty or to persist in that plea if it has already been made, and, that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and (4) That if he pleads guilty, there will not be a further trial of any kind except to determine the sentence so that by pleading guilty he waives the right to a trial; and (5) That if he pleads guilty, the court or the state may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement, and, further, that, upon the sentencing hearing, evidence of any prior convictions may be presented to the judge or jury for their consideration in determining punishment.

Id. at 341. The Mackey Court also stated as follows:

> The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's

willingness to plead guilty results from prior discussions between the District
Attorney General and the defendant or his attorney.

Id. The Mackey requirements have been incorporated into Rule 11 of the Tennessee Rules
of Criminal Procedure.

The Boykin requirements are grounded upon federal constitutional law; Mackey
procedure and advice is based upon both constitutional and supervisory authority
requirements; and Rule 11 also has a mixed genesis. State v. Neal, 810 S.W.2d 131, 137
(Tenn. 1993). Regarding the appropriate harmless error test for constitutional error, errors
of constitutional dimension do not necessarily require reversal of a criminal conviction on
the principal that an otherwise valid conviction should not be set aside if the reviewing court
determines that the constitutional error was harmless beyond a reasonable doubt in light of
the entire record. Id. at 138 (citing Chapman v. California, 386 U.S. 18, 24 (1967)). "In
addressing violations of the required litany not rising to the level of constitutional rights
deprivations the test is not as strict as the Chapman requirement of finding the error to be
harmless beyond a reasonable doubt." Id. In other words, non-constitutional error must be
shown by the defendant to have probably affected the judgment before reversal is
appropriate. Id. at 139. On direct appeal, if the record does not affirmatively show a
minimum substantial compliance with the dialogue requirements, "the burden is upon the
State to demonstrate that the error is harmless, under the appropriate harmless error rule as
heretofore set out. If the State does not carry this burden, then the judgment must be set
aside." Id.

Here, the guilty plea colloquy was deficient under both Boykin and Rule 11, and the
plea was accepted in the presence of the jury. The trial court, nonetheless, determined that
the Defendant's pleas were entered knowingly and voluntarily, and he was not prejudiced by
the jury's presence.

As previously noted, the indictment, which was read just prior to the Defendant's
entry of his pleas, clearly stated the required elements of evading arrest as a Class D felony
and a Class A misdemeanor. The court confirmed that the Defendant was pleading guilty to
Counts 1 and 9 of the indictment, noting that the charges were evading arrest by motor
vehicle and on foot. The Defendant stated that his decision to plead was entered freely and
voluntarily and that he had not been promised anything to plead guilty. The trial court found
that it was part of the Defendant's strategy to plead in front of the jury, the Defendant stating,
"Your Honor, I plead guilty to evading arrest but that is all I am guilty of."[2]

---

[2] In our view, the better practice would have been for the trial court to have the jury excused from
(continued...)

-7-

The decision to proceed to trial on the remaining charges of the indictment shows that the Defendant was aware of his right against self-incrimination (the Defendant did not testify), the right to confront witnesses, and the right to a trial by jury. During all stages of these proceedings, the Defendant was represented by counsel. Moreover, the record demonstrates that the forty-seven-year old Defendant was familiar with the court system, he was a Range II, multiple offender, and had five prior felony convictions and twenty-one prior misdemeanor convictions. His criminal history began at age twenty, and he had previously pleaded guilty to other crimes. Additionally, the Defendant made no attempt to withdraw his guilty pleas during the weeks that ensued between the plea and sentencing hearing; only wishing to withdraw his pleas once his sentence was rendered. Therefore, we hold that his pleas of guilty were voluntarily and intelligently entered and that any error by the trial court was harmless beyond a reasonable doubt.

**Conclusion**

Finding no reversible error, we affirm the decision of the Lincoln County Circuit Court declining to set aside the Defendant's pleas. We must remand for entry of a corrected judgment form on Count 1 to reflect that the Defendant's evading arrest conviction was a Class D, not E, felony. The judgment form in Count 7 must also be corrected to reflect that the Defendant was convicted by the jury of reckless endangerment with a deadly weapon, a Class E felony, not A misdemeanor. In all other respects, the judgments are affirmed.

_____
DAVID H. WELLES, JUDGE

[2](...continued)
the courtroom at the time the Defendant indicated his desire to plead guilty to certain counts of the indictment. Thereafter, the court could have first entertained the Defendant's guilty pleas and then allowed the case to proceed to trial on the remaining counts.