IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 5, 2002

## DALE WESLEY BELL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for McNairy County**
**No. 1189     Jon Kerry Blackwood, Judge**

---

### No. W2001-02509-CCA-R3-PC - Filed April 4, 2002

---

The Appellant, Dale Wesley Bell, appeals from the dismissal of his petition for post-conviction relief. In 1999, Bell pled guilty to nine counts of aggravated burglary and one count of theft in excess of $10,000. Bell, a Range III Persistent Offender, received an effective fifteen-year sentence to be served in the Department of Correction. On appeal, Bell challenges the validity of his guilty plea upon grounds of: (1) voluntariness and (2) ineffective assistance of counsel. After review, we affirm the judgment of the McNairy County Circuit Court dismissing the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

William Ken Seaton, Selmer, Tennessee, for the Appellant, Dale Wesley Bell.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Braden H. Boucek, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Jerry W. Norwood, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

Following a series of residential burglaries in McNairy County in December of 1998, the Appellant was eventually apprehended and charged with sixteen offenses: eleven counts of aggravated burglary, class D felony theft, class C felony theft, evading arrest, possession of a Schedule III controlled substance, and possession of a Schedule IV controlled substance. On two separate occasions, the Appellant was able to elude law enforcement officers in multi-county pursuits, after sheriff's department deputies were dispatched to investigate reports of a suspicious

person at two residences in the county. The Appellant was identified on both occasions as the driver of the stolen vehicles, before the vehicles were wrecked in the chase and abandoned. Following abandonment of the wrecked vehicle in the second chase, the Appellant was captured after attempting escape in another stolen vehicle. During an inventory of the first wrecked vehicle, items taken during four aggravated burglaries were found. Inventory of the second wrecked vehicle again revealed items taken during additional burglaries.

In view of the Appellant's indigency status, the public defender's office was appointed to represent the Appellant. On the scheduled morning of trial, the Appellant requested discharge of his appointed counsel. This request was granted and the Appellant was permitted to proceed *pro se*. After the jury was selected, the Appellant, following plea negotiations, entered guilty pleas to nine counts of aggravated burglary and one count of class C felony theft, and received, under the terms of the plea agreement, an effective fifteen-year sentence.

## ANALYSIS

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-210(f) (1997). The Appellant's claim of involuntariness of his guilty plea, as set forth in his petition, stems from the following allegations:

(1) the trial court's unwillingness to grant a continuance;

(2) the trial court's statements to the defendant regarding the potential sentence he would receive should he be convicted; and

(3) the attorney who represented the defendant prior to the defendant being allowed to represent himself, provided ineffective assistance of counsel prior to the trial.

In sum, the Appellant contends that based upon trial counsel's deficient pre-trial representation, he felt compelled to request discharge of counsel and after being advised by the trial court of the potential sentence he would receive and because the trial court denied a continuance, he was forced to enter guilty pleas because he felt "helpless." We, in turn, examine the Appellant's issue of failure to grant a continuance, the trial court's alleged statements regarding potential sentence, and ineffective assistance of counsel.

In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court held, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant ." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164 (1970). In making this determination, the reviewing court must look to the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Indeed, a "court charged with determining whether . . . pleas were 'voluntary' and 'intelligent' must look to

various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial." *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

## I. Refusal to Grant a Continuance

The Appellant argues that his plea was involuntarily entered because the trial court refused to grant a continuance after the Appellant discharged his attorney and new counsel was not appointed, thereby requiring the Appellant to proceed *pro se*. Specifically, he contends that his state of mind was such that he "felt helpless" after being forced to represent himself.

It is well-established that the decision whether to grant a continuance rests within the sound discretion of the trial court. *State v. Hines*, 919 S.W.2d 573, 579 (Tenn. 1995), *reh'g denied,* No. 01-S-01-9303-CC-00052 (Tenn. at Nashville, Mar. 11, 1996), *cert. denied*, 519 U.S. 847, 117 S.Ct. 133 (1996). Moreover, the denial of a continuance will not be disturbed unless it appears that the trial court abused its discretion and prejudice resulted to the accused as a direct result of the court's denial. *Id.* Additionally, in order to trigger post-conviction relief, the denial of a motion for continuance must implicate a constitutional right. *Harris v. State*, 947 S.W.2d 156, 174 (Tenn. Crim. App. 1996), *perm. to appeal denied* (Tenn. 1997). "Thus, the petitioner must demonstrate, first, that the court abused its discretion and, second, that its action rendered the proceeding fundamentally unfair." *Id.* (citation omitted). Rarely does a grant or refusal of a continuance reach constitutional proportions. *Id.* (citing *Knighton v. Maggio*, 740 F.2d 1344, 1351 (5th Cir.), *cert. denied*, 469 U.S. 924, 105 S.Ct. 306 (1984)).

We are not persuaded by the facts presented that the denial of Appellant's request for a continuance implicates a constitutional right. Unless an Appellant can show that his substantial rights were prejudiced by reason of the denial of his request for continuance, the appellate court will conclude that there was no abuse of discretion by the trial court in denying the request. In this case, the Appellant was declared indigent, and the public defender's office was appointed to represent him. After conflicts arose between the Appellant and his attorney, the Appellant, on the day of trial, requested that his attorney be discharged and another lawyer be appointed to represent him. The trial court refused to discharge the Appellant's attorney. The Appellant then requested to represent himself. The trial court, after advising the Appellant of the dangers of self-representation, granted this request, but refused to allow a continuance of the case.

Both the United States and Tennessee Constitutions guarantee an indigent criminal defendant the right to assistance of appointed counsel at trial. *See* U.S. Const. amend. VI; Tenn. Const. art. I, § 9. The right of an accused to assistance of counsel, however, does not include the right to appointment of counsel of choice, or to special rapport, confidence, or even a meaningful relationship with appointed

counsel. *See Morris v. Slappy*, 461 U.S. 1, 13-14, 103 S. Ct. 1610, 1617-18 (1983). The essential aim of the Sixth Amendment is to guarantee an effective advocate, not counsel preferred by the defendant. *See Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 1697 (1988).

Ordinarily, waiver of the right to counsel must be voluntary, knowing, and intelligent. *See Johnson v. Zerbst*, 304 U.S. 458, 464-65, 58 S. Ct. 1019, 1023 (1938). Typically, such a waiver occurs only after the trial judge advises a defendant of the dangers and disadvantages of self-representation and determines that the defendant "knows what he is doing and his choice is made with eyes open." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S. Ct. 236, 242 (1942). Many courts, however, have recognized that the right to counsel is not a license to abuse the dignity of the court or to frustrate orderly proceedings. Accordingly, several courts have acknowledged that, like other constitutional rights, the right to counsel can be implicitly waived or forfeited if a defendant manipulates, abuses, or utilizes the right to delay or disrupt a trial.

*State v. Carruthers*, 35 S.W.3d 516, 546-47 (Tenn. 2000) (some citations omitted). With these criteria considered, we find that the Appellant has not shown that his substantial rights were prejudiced by reason of the denial of his request for continuance. The trial court found that the Appellant was "playing the system" by firing his attorney and requesting a continuance. Also, the Appellant testified at the guilty plea hearing that he was not "forced" to represent himself. He has failed to identify any prejudice affecting his conviction or sentence, which he authored. Accordingly, we conclude that the post-conviction court did not abuse its discretion in denying the Appellant's motion for a continuance.

## II. Sentencing Information

The Appellant contends that his "state of mind was such that he could not make a voluntary, knowing, and intelligent decision with regard to his guilty plea" based upon "the trial court's statements to the [Appellant] regarding the potential sentence he would receive." At the post-conviction hearing, the Appellant testified that,

Judge Blackwood advised me that if I proceeded to trial that morning, I was facing upwards of 150 years, and that it might not be the Court's position to impose a 150-year sentence on it, but it would be the Court's position to run consecutive sentences if I was found guilty that morning of trial.

By this statement, the Appellant asserts that "the Court was trying to encourage him to plead guilty."

We conclude that the record establishes that the Appellant's plea of guilty was entered voluntarily and knowingly and with full awareness of his constitutional rights. The transcript of the guilty plea hearing reveals that the trial court questioned the Appellant extensively as to whether his

plea was made with knowledge and understanding. Additionally, the transcript of the hearing establishes that the trial court informed the Appellant of "the minimum and maximum punishment for these offenses." Moreover, the Appellant indicated to the trial court that it was his "desire to pursue a negotiated settlement of the case." Thus, the record supports the post-conviction court's conclusion that the Appellant's guilty plea was entered into voluntarily and knowingly. Therefore, this issue is without merit.

### III. Ineffective assistance of counsel

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *Hill v. Lockhart*, 474 U.S. 52, 56,106 S.Ct. 366, 369 (1985) (citing *North Carolina v. Alford*, 400 U.S. at 31, 91 S.Ct. at 164).

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of *Strickland*, the Appellant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370; *Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

In his brief, the Appellant focuses on two areas of ineffectiveness: (1) trial counsel's failure to adequately address the issues related to the credibility of key state witnesses, and (2) trial counsel's "aggressive efforts to convince the defendant to plead guilty." In the present case, the post-conviction court concluded that the Appellant received the competent assistance of counsel, and consequently, entered his plea knowingly and voluntarily. The proof does not preponderate against these findings.

As stated earlier, at the guilty plea hearing, the Appellant indicated to the trial court that it was his "desire to pursue a negotiated settlement of the case" without the assistance of counsel. The

Appellant later testified that he was not "forced to represent himself." At the post-conviction hearing, trial counsel testified that he did not pressure the Appellant to enter into a plea. Furthermore, the Assistant District Attorney noted that the Appellant was "doing good negotiations."[1] As observed by the Appellant's sentencing classification as a career offender, he is no novice to the criminal justice system. The Appellant's criminal history reflects sixteen prior felony convictions beginning in 1979 and spanning three states. Moreover, the terms of the guilty plea were favorable to the Appellant. The Appellant was indicted on sixteen offenses, and received only an effective fifteen-year sentence. Regarding the witness credibility issue, trial counsel testified that he had a tape player in his office, and therefore, if the Appellant wanted to listen to the tapes, then there would have been no "problem with getting him the tapes or letting him listen to them." Accordingly, we find that the Appellant has not proven by clear and convincing evidence that trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases. The Appellant certainly has provided no evidence that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." In sum, the Appellant has failed to show ineffective assistance of counsel.

For the foregoing reasons, we deny post-conviction relief and affirm the judgment of the Circuit Court of McNairy County.

## CONCLUSION

Based upon the foregoing, we find that the post-conviction court did not err in ruling that the Appellant's plea was knowingly, intelligently, and voluntarily entered or that he received the effective assistance of counsel. Accordingly, the judgment of the post-conviction court is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[1]The Assistant District Attorney stated that,

there were certain counts that he didn't want to plead guilty to on account of there was some evidence involved in some pending cases in the other courts. . . . [I]t was just like talking to another attorney. . . . I mean, he knew what he wanted done, and with some reluctance, the State dismissed the charges that he was insisting on.