IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2005

## YOLANDO ODOM v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 78355     Richard Baumgartner, Judge**

───────────────

**No. E2004-02286-CCA-R3-PC - Filed August 19, 2005**

───────────────

The Appellant, Yolando Odom, appeals the Knox County Criminal Court's denial of his petition for post-conviction relief. Under the terms of a plea agreement, Odom pled guilty to one count of robbery and accepted an eight-year sentence as a Range II offender, despite only meeting the statutory criteria for a Range I offender. On appeal, Odom contends that his plea was not knowingly and voluntarily entered due to trial counsel's ineffectiveness in failing to inform him of possible defenses at trial and in failing to review the proof with respect to the elements of the indicted offense of aggravated robbery. Following review of the record, we affirm the denial of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the Appellant, Yolando Odom.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Marsha Mitchell, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

The Appellant's conviction stems from his participation in the robbery of the victim, Leona Ziegler, in May 2001. The victim's purse was taken by two of the Appellant's co-defendants, resulting in serious injuries to the elderly victim. The Appellant's role in the robbery involved driving the co-defendants to and from the crime scene.

On February 7, 2003, the Appellant pled guilty under the terms of a plea agreement to robbery, a Class C felony. As part of the agreement, the State agreed to reduce the charge of

aggravated robbery to simple robbery, in exchange for the Appellant accepting an eight-year sentence as a Range II offender, despite only meeting the statutory requirements for Range I. The agreement further provided that the manner of service of the eight-year sentence would be submitted to the trial court for determination. Following a sentencing hearing, the trial court imposed an eight-year sentence of split confinement with service of one year in jail. The Appellant was given one week to report to the jail to begin service of his sentence, but he failed to appear. As a result, the trial court revoked the Appellant's probation and ordered that the entire eight-year sentence be served in the Department of Correction.

On October 24, 2003, the Appellant filed a *pro se* petition for post-conviction relief, which was later amended after the appointment of counsel. The petition alleged that the Appellant's guilty plea was not knowingly and voluntarily entered based upon counsel's ineffectiveness. A hearing was held on August 30, 2004, at which only the Appellant and trial counsel testified. The Appellant testified that his participation in the robbery was limited to driving his co-defendants to and from the scene and that he never exited the vehicle or had any contact with the victim. The Appellant asserted that he accepted the plea agreement because trial counsel told him it was "the best offer he was going to get." He further testified that he did not understand the difference between aggravated robbery and simple robbery, did not understand sentencing ranges and the effect they would have on his sentence, and did not discuss with trial counsel any possible defenses or mitigation which might have been available had he proceeded to trial. However, the Appellant also stated on the record that he wanted a sentence for which probation was available, but he maintained that if he had been properly informed, he would have proceeded to trial.

Trial counsel testified that he spoke with the Appellant regarding the sentencing ranges and, further, that the Appellant only qualified as a Range I offender based upon his prior criminal history. He testified that the plea agreement to an eight-year sentence was in exchange for the State reducing the charge to simple robbery, a crime for which probation was available, rather than aggravated robbery for which probation was not available. Trial counsel also discussed with the Appellant his concerns that the State could secure a conviction for aggravated robbery if the case went to trial due to the victim's age and the serious injuries which she suffered. At the conclusion of the proof, the post-conviction court denied relief, finding that trial counsel was not ineffective and that the guilty plea was entered knowingly and voluntarily. This appeal followed.

**Analysis**

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-110(f) (2003). On appeal, the Appellant challenges the knowing and voluntary nature of his plea based upon trial counsel's ineffectiveness. His principal assertion appears to be that he did not understand the nature of the proof that the State would be required to present in order to convict him of aggravated robbery as opposed to simple robbery. He contends that had he known this difference, he would not have accepted the plea agreement, despite being told that it was the best offer he would get.

In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970). In making this determination, the reviewing court must look to the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Indeed, a

> court charged with determining whether . . . pleas were 'voluntary' and 'intelligent' must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate that guilty pleas be voluntarily and intelligently made. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985) (citing *North Carolina v. Alford*, 400 U.S. at 31, 91 S. Ct. at 164).

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of *Strickland*, the Appellant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, *conclusions of law*, are reviewed under a purely *de novo* standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

After hearing the evidence presented, the post-conviction court found:

> [The Appellant] testifies today that he did not know that he was pleading as a range II offender. . . .

> [Trial counsel's] recollection of the conversation differs with that, and indeed, a review of the plea agreement establishes without question that during the Court's colloquy with [the Appellant] that I clearly reviewed with him the fact that he was pleading as a range II offender and that the - - meaning that if you'd have to serve the sentence, you would have to serve at least 35 percent of it before being eligible for release. . . .

> So the first allegation, that [the Appellant] was not aware of the fact that he was pleading as a range II offender, I find not to be supported by the evidence in this case.

> . . . .

> [I]t is the Court's belief that [the Appellant] was satisfied with this agreement until he violated the terms of his sentence and became an absconder and was ultimately picked up and sent to the penitentiary.

> . . . .

> I think that [the Appellant] knew exactly what he was doing when he took this sentence. I think he understood that he was having the range increased in exchange for having the sentence reduced - - or having the charge reduced from an aggravated nonprobatable felony to a probatable felony, and that was his objective, to get probation in this case.

> [The Appellant] also says he really wasn't responsible for this robbery. The allegations in the original warrant indicate that he drove this individual, the person who actually snatched the purse, to the scene and drove away. And I asked him at the sentencing hearing, I said, "How did you get mixed up in this robbery. . . ?" And he said, "Well, I didn't know" - - he said, "Well, I knew about it. . . ."

> Well, I think it's pretty clear that he knew exactly what was going on that day, and I think for that reason, his allegation . . . that there aren't any mitigating factors to this robbery charge and that he wasn't aware that - - that there were mitigating factors that would have allowed him to escape culpability, I guess, for the aggravated robbery just does not - - is not borne out by the facts. So I do not find that to be a basis for relief in this case.

. . . .

> I think [the Appellant] made a voluntary decision back in February of 2003, and I do not find any basis to grant post-conviction relief in this case. I think [trial counsel] lived up to the standards of counsel that we expect in this jurisdiction and is not in violation of any case law that would find him deficient in this matter.

The post-conviction court clearly concluded that the Appellant had received the effective assistance of counsel and, consequently, entered his plea knowingly and voluntarily. The proof does not preponderate against these findings. Trial counsel's testimony at the hearing contradicted that of the Appellant's. On cross-examination, trial counsel testified that he did explain the difference between aggravated robbery and simple robbery to the Appellant. Moreover, trial counsel testified that he had explained the sentencing ranges to the Appellant prior to the Appellant's accepting the plea. He further testified to informing the Appellant that he would have to accept the higher range in order to get the plea agreement offered by the State. Trial counsel also explained to the Appellant that the offense of aggravated robbery was not a probatable offense, as opposed to robbery which was. By the Appellant's own admission, he wanted to obtain probation, a goal discussed between trial counsel and the Appellant. Moreover, at the guilty plea hearing, the trial court explained the consequences of pleading as a Range II offender prior to accepting the Appellant's plea. The post-conviction court accredited trial counsel's testimony that he fully advised the Appellant of the options before him, and we will not reweigh or reevaluate the evidence or substitute our inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 578-79. Questions concerning the credibility of witnesses, the weight and value given to their testimony, and the factual issues raised by the evidence are to be resolved by the trial court. *Id.* at 579.

## CONCLUSION

After review, we find nothing in the record to contradict the post-conviction court's finding that trial counsel was not ineffective and that the plea was knowing and voluntary. Finding the Appellant's allegations without merit, the judgment of the post-conviction court is affirmed.

_____
DAVID G. HAYES, JUDGE