# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 2, 2009

## HOWARD KEITH SALLEE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Weakley County**
**No. CR95-2008     William B. Acree, Jr., Judge**

---

**No. W2008-01935-CCA-R3-PC  -  Filed November 20, 2009**

---

The Weakley County Grand Jury indicted Petitioner, Howard Keith Sallee, for one count of fraudulently obtaining a controlled substance. Petitioner pled guilty to the offense as charged. The trial court sentenced Petitioner to ten years as a Range III, persistent offender. Petitioner filed a petition for post-conviction relief in which he alleged that his guilty plea was not entered voluntarily, knowingly, and intelligently because he attempted to commit suicide a few days before entering his guilty plea. He also alleged that his trial counsel was ineffective for failing to order a mental evaluation. The post-conviction court held an evidentiary hearing. Following the hearing, the post-conviction court concluded that Petitioner had been unable to prove his assertions. After a thorough review of the record, we conclude that the evidence does not preponderate against the findings of the post-conviction court. Therefore, we affirm the denial of Petitioner's petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

J. Kate Long, Dresden, Tennessee, for the appellant, Howard Keith Sallee.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Kevin McAlpin, Assistant District Attorney General; for the appellee, State of Tennessee.

**OPINION**

At Petitioner's guilty plea hearing, the following statement of facts was introduced:

[Petitioner] went to the CVS Pharmacy in Martin, attempting to get a prescription for 28 Hydrocodone tablets. The prescription was called in by someone who identified themselves as Dr. Stutesbury . . . and requested that [Petitioner's] girlfriend be allowed to fill the prescription. It was determined that Dr. Stutesbury . . . had not called the prescription in. [E]ventually it was determined that [Petitioner] was responsible for attempting to get that fraudulent prescription passed.

The Weakley County Grand Jury indicted Petitioner for one count of fraudulently obtaining a controlled substance. On November 1, 2007, Petitioner pled guilty to the offense as charged, and the trial court sentenced Petitioner to ten years as a Range III, persistent offender. The sentences were ordered to run concurrently to two prior sentences. Pursuant to the plea, the trial court dismissed another charge for fraudulent use of a credit card.

**Petition for Post-conviction Relief**

On March 28, 2008, Petitioner filed a pro se petition for post-conviction relief. On June 10, 2008, Petitioner through counsel, filed an amended petition. Petitioner alleged that he was entitled to post-conviction relief because he had been afforded ineffective assistance of counsel and his guilty plea was entered involuntarily.

The post-conviction court held a hearing on July 31, 2008. There were two witnesses at the post-conviction hearing, trial counsel and Petitioner. Trial counsel stated that he spoke with Petitioner before the preliminary hearing on the charge in question, as well as, several times leading up to the hearing. Trial counsel did not recall Petitioner mentioning any medications he was on for anxiety or depression. Trial counsel stated that he had no knowledge of any diagnosis for Petitioner's alleged mental problems. Trial counsel had asked for a forensic evaluation in other cases when it appeared that the defendant had a mental defect to such an extent that the defendant cannot understand the proceedings against him. He did not ask for a forensic evaluation of Petitioner. Trial counsel found Petitioner to be a very intelligent person. He never had any problems communicating with him, and Petitioner appeared to understand everything.

Trial counsel did not recall Petitioner's attempted suicide immediately before the entry of his guilty plea. Trial counsel did recall that Petitioner had many medical problems throughout the time he represented him. However, he could not recall whether Petitioner had bandages on his arms or not. Trial counsel testified that he would not always order a forensic evaluation in a case where his

-2-

client attempted suicide. He stated that committing suicide is not connected to whether the defendant understands the proceedings and can participate in their own defense. When asked if he thought a suicide attempt should put him on warning that the plea should not have been entered that day, trial counsel stated that if he had thought there was a problem he would have had the plea reset on the docket.

Trial counsel stated that he went over the charge with Petitioner and the fact that the State filed a notice of career offender against him. The charge in question was a Class D felony, and Petitioner was on probation at the time he was charged. As a career offender on probation, Petitioner had a potential sentence of up to twelve years to be run consecutively to two prior sentences. In addition, Petitioner was charged for fraudulent use of a credit card while he was on bond for the instant offense. Therefore, Petitioner had the potential of yet another consecutive sentence which would result in an effective sentence of eighteen to twenty-two years.

Petitioner testified that he did not believe he was mentally competent the day he entered his guilty plea. He stated that he had been diagnosed with severe panic attacks and severe depression. He had also been prescribed medication in conjunction with these diagnoses. Petitioner also testified that he suffers from blackouts where he loses track of time.

Petitioner stated that he and trial counsel talked several times. He also admitted that trial counsel was correct about Petitioner having many injuries. Petitioner testified that he did not recall being in jail or his suicide attempt. Someone else told him the details he recalled about his suicide attempt. He also did not recall a second suicide attempt. As far as his guilty plea on November 1, 2007, Petitioner remembered coming to the courthouse but did not remember anything else. Petitioner testified that he did not inform trial counsel about his suicide attempt. Petitioner thought that trial counsel had mentioned the suicide attempt to him because he thought everyone knew about the suicide attempt. Petitioner stated that he would not have considered himself to be competent to plead guilty during that time. He was on medication before being put in jail, but when he was placed in jail, he stopped receiving his medication.

Petitioner only recalled one conversation with trial counsel. During that conversation, trial counsel did not mention that Petitioner had the potential of consecutive sentences. Petitioner testified that trial counsel only told him he had a potential sentence of sixteen to twenty years. Petitioner stated that he did not recall seeing trial counsel at any other time, including his guilty plea hearing, until the post-conviction hearing.

On August 14, 2008, the post-conviction court filed a written order denying the petition for post-conviction relief. The post-conviction court found that Petitioner entered a voluntary, knowing, and intelligent guilty plea. The court also found that Petitioner did not establish that he lacked the mental capacity to understand the proceedings. The court found that he did establish that he attempted to commit suicide, but he did not establish that this attempt was as the result of lack of mental capacity. In addition, the trial court concluded that trial counsel was not aware of the suicide

attempt, correctly informed Petitioner as to his potential sentence, and met with him on numerous occasions. Petitioner filed a timely notice of appeal.

## ANALYSIS

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this court is bound by the court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

### Involuntary Guilty Plea

When evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). The court reviewing the voluntariness of a guilty plea must look to the totality of the circumstances. *See State v. Turner*, 191 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Specifically, a reviewing court must consider "the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty than might result from a jury trial. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

Petitioner argues that his plea was not entered knowingly because he had twice attempted suicide around the time he entered the plea and that trial counsel coerced or mislead him concerning the plea. The plea colloquy is included in the record. The colloquy demonstrates that the trial court advised Petitioner of his rights. Petitioner told the trial court that he understood both his rights and had been advised of the effects of entering a guilty plea. While we agree with the trial court that Petitioner had proven that he had attempted suicide near the time of the entry of his guilty plea, Petitioner did not prove that the suicide attempt affected his mental capacity to understand that he was pleading guilty. In addition, Petitioner provided no evidence, outside of his own testimony, as to a medical diagnosis regarding his mental capacity at the time. Petitioner did not present a medical expert to testify as to his mental capacity. As for his argument that he was coerced by trial counsel, Petitioner's own testimony does not support this assertion. Trial counsel testified that Petitioner was alert and able to assist in his own defense. Trial counsel stated that Petitioner seemed to understand

all the issues surrounding the guilty plea. Because the evidence does not preponderate against the findings of the trial court that Petitioner's suicide attempts did not render his guilty plea involuntary, he is not entitled to relief on this basis.

## Effective Assistance of Counsel

Petitioner also argues that he received ineffective assistance of counsel because trial counsel did not pursue a mental health evaluation after his attempted suicide. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn.1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact ...; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *Alford*, 400 U.S. at 31). As stated above, in order to successfully challenge the effectiveness of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, 466 U.S. 668, 694 (1984), the petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

Trial counsel stated that he was not aware at the time that Petitioner entered his guilty plea that Petitioner had attempted suicide. Petitioner testified that he did not inform trial counsel about the suicide attempt. In addition, trial counsel testified that he found Petitioner to be alert and able to assist in his own defense. Trial counsel stated that if he represented a client who appeared to have mental issues he would procure a mental evaluation. Trial counsel had represented Petitioner on more than one occasion before the charges at hand. He never had any questions regarding Petitioner's mental capability. Petitioner has not presented any evidence at the post-conviction hearing to demonstrate that trial counsel should have ordered a mental evaluation. We find that trial counsel's failure to order a mental evaluation was not deficient in this case. Therefore, Petitioner cannot meet the first prong set out in *Strickland*. We conclude that the evidence does not preponderate against the trial court's findings that he was afforded effective assistance of counsel.

Therefore, this issue is without merit.

## **CONCLUSION**

For the foregoing reasons we affirm the findings of the post-conviction court.

_____
JERRY L. SMITH, JUDGE