IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 17, 2009

## MONCELLE VOORHIES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-62072   Don R. Ash, Judge**

---

**No.  M2008-02846-CCA-R3-CD - Filed May 20, 2010**

---

On August 13, 2007, Petitioner, Moncelle Voorhies, pled guilty in Rutherford County to sale of cocaine under .5 grams.  Petitioner filed a petition for post-conviction relief on August 11, 2008, alleging that his guilty plea was not entered knowingly and voluntarily and that he was afforded ineffective assistance of counsel.  Following an evidentiary hearing on the petition, the post-conviction court denied the petition.  Petitioner now brings this appeal from the post-conviction court's denial of his petition.  After a review of the record and arguments on appeal, we conclude that Petitioner entered his plea knowingly and voluntarily and that he was afforded effective assistance of counsel.  Therefore, we affirm the post-conviction court's denial of the petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Barry R. Tidwell, Murfreesboro, Tennessee, for the appellant, Moncelle Voorhies..

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and Bill Whitesell, District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

On February 3, 2005, officers arranged for a confidential informant to participate in a controlled purchase of crack cocaine from Mark Voorhies, Petitioner's brother.  Mr.

Voorhies told the confidential informant to go to the Fred's parking lot in Rutherford County where he would meet a third person who would deliver the cocaine to him. The officers set up a monitoring device on the confidential informant and set up surveillance at Fred's. The officers saw a light-colored Cadillac drive into the parking lot. The officers recognized Petitioner as the driver. A woman got out of the Cadillac. Petitioner drove away and an officer followed him to a BP station. While Petitioner was gone, the woman walked over to the confidential informant's car and gave him the cocaine. Petitioner returned to pick up the woman. After the purchase was completed and the confidential informant turned the cocaine over to the police, Petitioner called the confidential informant complaining that many police officers were around the area where he was. On August 13, 2007, Petitioner entered a best interest plea to sale of cocaine under .5 grams. As part of the plea agreement, the trial court sentenced Petitioner to three years of probation.

## Post-conviction Petition

On August 11, 2008, Petitioner filed a pro se petition for post-conviction relief in which he argued that his counsel was ineffective and his plea was entered involuntarily. The post-conviction court appointed an attorney to represent Petitioner. On December 8, 2008, the post-conviction court held an evidentiary hearing.

Petitioner was the first witness. Petitioner testified that he had retained trial counsel to represent him and that trial counsel had been his attorney for a long time before this incident. He testified that he met with trial counsel "all the time" before the entry of the plea. He recalled that trial counsel was pursuing an issue related to the two-year delay between the controlled buy and his being charged with a crime. Trial counsel filed a motion for dismissal based upon this issue. In the middle of the hearing on the motion for dismissal, the trial court had a recess. During the recess, according to Petitioner, someone from the district attorney's office told trial counsel that another member of the district attorney's office was mad at trial counsel. Petitioner believed that this statement affected trial counsel's ability to represent him.

Petitioner stated that during the recess the assistant district attorney offered a plea bargain to Petitioner's attorney. Trial counsel advised Petitioner to agree to the plea offer and enter it as a best interest plea. Petitioner stated at the post-conviction hearing that he now wished that they had litigated the issue concerning the two-year delay. He stated that he had done some legal research since entering his plea, and he believed that they could have been successful on that issue.

On cross-examination, Petitioner stated that if he had known about the constitutional issues connected to a delay of prosecution, he would not have pled guilty. Petitioner

admitted that trial counsel went over the plea agreement with him before he entered the plea. He also admitted that he stated he had no problems with trial counsel when the trial judge asked if he had any problems with his representation. Petitioner admitted that he made the decision to enter the best interest plea after trial counsel advised him to enter the plea. Petitioner received a three-year sentence to be served on probation. Petitioner stated that trial counsel had been representing him for several years, and Petitioner trusts him.

Trial counsel also testified at the evidentiary hearing. He stated that he had represented Petitioner on more than one occasion. Trial counsel explained the facts leading up to Petitioner's charges. He stated that there was a series of searches performed based upon search warrants obtained by the police. As a result of the searches, Petitioner's father was charged with possession of cocaine. Trial counsel represented Petitioner's father on his charges. Trial counsel was able to get the charges dismissed at the end of 2006. In February or March of 2007, Petitioner was charged by direct presentment on charges stemming from the searches to which are referred above. Trial counsel filed a motion to dismiss the indictment based upon unnecessary and unjustifiable delay. Trial counsel pointed out that the situation at hand was not a delay between indictment and prosecution, but instead a delay between the commission of the offense and his indictment when the State was fully aware of the commission of the offense and Petitioner's whereabouts.

Trial counsel testified that the trial court held an evidentiary hearing on Petitioner's motion to dismiss the indictment based upon the delay. During a recess at that hearing, the State offered a deal of three years to be served on probation. Petitioner was facing conviction of a Class B felony and, up to that point, had not received an offer for less than two years of incarceration. Petitioner told trial counsel that he did not want to serve any more time in incarceration. In addition, trial counsel said they were facing a situation where if they lost the motion to dismiss the indictment he believed a co-defendant would have testified against Petitioner. Trial counsel told Petitioner to discuss the plea offer with his father. He also said that the discussion of whether someone in the District Attorney's office was mad at him did not affect his representation of Petitioner. Trial counsel also testified that he had no way to predict what the outcome would have been had they continued the hearing on the motion to dismiss the indictment.

At the conclusion of the evidentiary hearing, the post-conviction court denied the petition. Petitioner filed a timely notice of appeal.

## ANALYSIS

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).

During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this court is bound by the court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn.1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

## Involuntary Guilty Plea

Petitioner argues that he did not enter his plea knowingly and voluntarily. When evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). The court reviewing the voluntariness of a guilty plea must look to the totality of the circumstances. *See State v. Turner*, 191 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Specifically, a reviewing court must consider "the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty than might result from a jury trial. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

In its order, the post-conviction court held that based upon the plea colloquy, Petitioner entered a voluntary and knowing guilty plea. In the plea colloquy, Petitioner agreed that no one was forcing him to enter the plea and that he was entering the plea freely and voluntarily. When the trial court asked Petitioner if he understood the constitutional rights he was giving up by pleading guilty instead of going to trial, Petitioner stated that he did. In addition, trial counsel testified that Petitioner told him he did not want to serve any more jail time. The deal offered of three years probation was the best deal that Petitioner had been offered so far. Petitioner stated that trial counsel advised him to take the plea bargain but that he made the decision to accept it. We find no evidence in the record that preponderates against the post-conviction court's findings that Petitioner's plea was entered voluntarily and knowingly.

## Ineffective Assistance of Counsel

Petitioner also argues that he was afforded ineffective assistance of counsel because he wanted to have the hearing on the motion to dismiss the indictment continued and go to trial. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *Alford*, 400 U.S. at 31). As stated above, in order to successfully challenge the effectiveness of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, 466 U.S. 668, 694 (1984), the petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, the petitioner must show that "there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The post-conviction court found that trial counsel's representation did not fall below an objective standard of reasonableness. We find no deficiency with regard to trial counsel's representation. Petitioner was facing a conviction for a Class B felony. The minimum sentence he was facing was eight years. Petitioner received a sentence of three years on probation with no jail time. Trial counsel testified that Petitioner specifically stated he did not want to serve any more jail time. Petitioner argues that he now believes that he would have been successful at the hearing on the motion to dismiss the indictment. However, as stated above, Petitioner is not entitled to the benefit of hindsight with regard to any research he had done. We conclude that it was a reasonably-based trial strategy to advise Petitioner to accept a three-year sentence of probation with no jail time when Petitioner was facing a minimum of eight years in incarceration. This is especially true when Petitioner himself expressed a desire to not serve any more jail time.

Therefore, this issue is without merit.

### CONCLUSION

For the foregoing reasons, we affirm the post-conviction court's denial of the petition for post-conviction relief.

          _____
          JERRY L. SMITH, JUDGE