IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 10, 2015


## TOURIE BRYANT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2012C2554      Cheryl A. Blackburn, Judge**

_____

**No. M2014-01705-CCA-R3-PC – Filed February 12, 2016**

_____

The petitioner, Tourie Bryant, appeals the denial of his petition for post-conviction relief. He pled guilty to one count of possession of a Schedule II controlled substance, a Class C felony, and received a six-year sentence in the Department of Correction. On appeal, he contends that his guilty plea was not entered knowingly and voluntarily because he was denied the effective assistance of counsel. Specifically, he contends that trial counsel was ineffective by: (1) failing to properly communicate with the petitioner; and (2) failing to "properly articulate" that the petitioner was waiving his right to appeal the denial of his motion to suppress by pleading guilty and failing to provide the petitioner with an opportunity to review the plea agreement terms prior to his acceptance. Following a thorough review of the record before us, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Jesse P. Lords, Nashville, Tennessee, for the Appellant, Tourie Bryant.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Glenn Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

## Factual Background and Procedural History

The facts underlying the petitioner's conviction, as recited at the guilty plea hearing, are:

> [I]n case number 2012-C-2554 had this case gone to trial, the State's proof would have been that on March 16th, 2012, in Davidson County officers were surveiling the parking lot of a K-Mart. They observed a drug transaction. They approached. One of the individuals said that he purchased three Oxymorphone pills from the [petitioner]. A search of the [petitioner's] person resulted in finding some additional pills as well as a large sum of money.

Based upon these actions, the petitioner was indicted for one count of sale of a schedule II controlled substance, oxymorphone, and two counts of possession of a schedule II controlled substance, oxymorphone, with intent to sell or deliver. Trial counsel filed a motion to suppress the evidence, which was denied by the trial court. Thereafter, the petitioner pled guilty to one count of possession of a schedule II controlled substance with intent to sell or deliver, with the remaining charges being dismissed as part of the agreement. Pursuant to the agreement, the petitioner received a six-year sentence as a Range II offender to be served consecutively to his sentence for a parole violation.

At the plea hearing, the trial court reviewed the plea agreement with the petitioner and thoroughly explained the rights which he would be waiving. The court specifically informed the petitioner that if he did not understand anything or if something was different that he believed it to be, the petitioner should ask either trial counsel or the court to explain. The trial court also informed the petitioner that by entering this plea agreement, a detainer which had been placed against him at the jail would be released. Additionally, the court specifically informed the petitioner that, by pleading guilty, he was waiving any appeal of the denial of his motion to suppress. The court stated: "And you're waiving your right to appeal. This is really going to become final. Do you understand?" The petitioner replied that he did. The petitioner testified that he was satisfied with trial counsel's representation and that he was freely and voluntarily entering the plea agreement. The petitioner then entered his guilty plea, which was accepted by the trial court.

Thereafter, the petitioner filed a timely pro se petition and an amended petition for post-conviction relief alleging that his guilty plea was not entered knowingly and voluntarily because trial counsel was ineffective. A hearing was held on the matter at which only the petitioner and trial counsel testified.

The petitioner testified that he retained trial counsel and was represented by him for about a year. He claims that during that time, he only actually spoke with trial counsel directly for approximately twenty minutes. The petitioner stated that trial counsel never visited him in jail and usually neither he nor his girlfriend were able to reach trial counsel by phone. The petitioner acknowledged that trial counsel sent text messages on occasion. He also acknowledged that he came to court "three or four times" and spent a few minutes talking with trial counsel on each occasion. The petitioner characterized trial counsel's communication with him as "terrible."

The petitioner testified that trial counsel filed and argued a motion to suppress before the trial court. However, the court denied the motion. The petitioner claimed that, after the denial of the motion, trial counsel informed him that he had two options, go to trial or accept the plea agreement with a certified question of law reserved. According to the petitioner, he did not like either option. The petitioner believed that trial counsel could have done more and negotiated a better deal in the case. He testified that he and trial counsel got into a disagreement, which resulted in trial counsel filing paperwork to be relieved. At that point, the petitioner had his girlfriend text trial counsel that he would accept the plea agreement because he didn't "feel like dealing" with trial counsel any longer.

However, the petitioner testified that he only agreed to accept the agreement because he understood that he would still be allowed to appeal the motion to suppress issue to this court. The petitioner believed he was reserving a certified question of law pursuant to the agreement. He acknowledged that the trial court specifically informed him otherwise at the hearing, but he claims he was unfamiliar with the law and did not understand. Based upon what he claimed trial counsel had told him, the petitioner believed that he would be allowed to appeal that issue to this court but not allowed to appeal this court's decision. The petitioner testified that if he had understood that he would get no appeal, he would have insisted upon going to trial.

The petitioner acknowledged that no mention of a certified question was made at the plea hearing. The petitioner also claimed that, while he signed the plea agreement, trial counsel never actually reviewed it with him. He claimed that he did not look at the document but, rather, trusted trial counsel's statements that the agreement provided for a six-year sentence with a certified question of law reserved.

3

Trial counsel testified in direct contrast to much of the testimony offered by the petitioner. He testified that the petitioner's girlfriend retained him to represent the petitioner, and the petitioner asked trial counsel to communicate with her by phone or text, as the petitioner was incarcerated. Trial counsel stated that he communicated with the petitioner's girlfriend regularly. Trial counsel testified that the petitioner somehow obtained a cell phone in jail and often called him late at night or while he was in court and unable to talk. He also testified that he spoke with the petitioner at each of the six or seven court appearances scheduled in the case. Trial counsel indicated that he communicated with the petitioner as often as he could, and he believed that the communication was effective. Trial counsel saw no need to utilize video conferencing with the petitioner while he was in jail.

Trial counsel indicated that he spent about thirty minutes reviewing discovery with the petitioner. The State offered a plea agreement for the petitioner's consideration, the same offer that he eventually accepted. There was no mention of a certified question in the agreement. The petitioner rejected the offer, and trial counsel then filed a motion to suppress based upon what trial counsel thought was a strong issue. However, the trial court disagreed and denied the motion. Following the denial, the State again extended the same offer.

Trial counsel acknowledged that he and the petitioner had a short discussion regarding a certified question of law after the denial of the motion. Trial counsel testified that he explained to the petitioner that the State had to agree to reserve the question, and the trial court had to conclude that it was dispositive as well. Trial counsel stated that he and the petitioner "never really got too much into discussion" about the certified question.

Also following the denial of the motion for suppression, trial counsel met with the petitioner in a holding cell. According to trial counsel, the petitioner became hostile. The petitioner refused to communicate regarding the case, refused to listen, and kept slamming the table and yelling that trial counsel needed to get him a better deal. Trial counsel told the petitioner that he had two options, either to accept the agreement or go to trial. Trial counsel recommended the plea agreement, which he again attempted to review with the petitioner. The petitioner made no decision at that meeting.

A second meeting between the two subsequently occurred. Trial counsel testified that the petitioner remained hostile and still refused to communicate with him. The petitioner would only say he was angry because a detainer had been placed against him, which limited his movement in jail, leaving him feeling threated. The petitioner would not communicate with trial counsel about anything else. Trial counsel informed the petitioner that, if he accepted the plea agreement, the detainer would be lifted. Because

of the lack of communication, trial counsel felt he had no choice but to withdraw. He advised the petitioner of his intent and filed paperwork with the court.

During the hearing on the motion to withdraw, the petitioner indicated to trial counsel that he wanted to accept the plea agreement. The process was stopped, and trial counsel reviewed the agreement with the petitioner. He specifically informed him that there was no certified question as a part of the agreement. The petitioner acknowledged trial counsel's information. The petitioner then entered his guilty plea before the trial court.

After hearing the evidence presented, the post-conviction court denied the petition for post-conviction relief. The petitioner has timely appealed that denial.

## Analysis

On appeal, the petitioner contends that the post-conviction court erred in concluding that he received the effective assistance of counsel and that his guilty plea was entered knowingly and voluntarily. He contends that the record shows that trial counsel was ineffective by failing to convey the details of the plea agreement and by failing to adequately communicate with the petitioner regarding the case. The petitioner specifically contends that trial counsel failed to convey to him that he was waiving his right to appeal the denial of the motion to suppress. He contends that this deficient performance by trial counsel led to his plea being unknowing and involuntary.

In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). In making this determination, the reviewing court must look to the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App.1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Indeed,

> a court charged with determining whether . . . pleas were "voluntary" and "intelligent" must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

5

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate that guilty pleas be made voluntarily and intelligently. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *Alford*, 400 U.S. at 31. To succeed in a challenge for ineffective assistance of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the petitioner must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of *Strickland*, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997). The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably-based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceeding. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn.1999). "A trial court's findings of fact underlying a claim of ineffective assistance of counsel are reviewed on appeal under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)). However, conclusions of law are reviewed under a purely de novo standard, with no presumption of correctness. *Id*. at 458.

In its order denying relief, the post-conviction court stated as follows:

In the Amended Petition, Petitioner alleges that counsel was ineffective because (1) Trial Counsel failed to meet with Petitioner to keep him informed of his case and (2) Trial Counsel incorrectly communicated the offer to Petitioner. . . .

. . . .

6

[The post-conviction court noted that] Trial Counsel conceded he did not visit Petitioner in custody; however, he believed they thoroughly discussed Petitioner's case at the seven court appearances. Trial Counsel estimated he and Petitioner discussed the case for approximately 30 minutes at one of the initial meetings alone in order to go over the discovery since there were issues "ripe for a motion to suppress." Trial Counsel, in fact, filed a suppression motion, which was denied by the Court after a hearing where Petitioner was present. . . . Trial Counsel testified that he explained to Petitioner that the State's offer extended after the suppression hearing remained the same as the original offer with no certified question for appeal.

[The post-conviction court] credits Trial Counsel's testimony. Petitioner's allegation that his total communication with counsel over the course of the case consisted of only 20 minutes is incredulous. Nothing in the record indicates that Trial Counsel failed to keep Petitioner informed of the proceedings. . . . Trial Counsel filed a suppression motion on Petitioner's behalf and Petitioner was present in Court for the testimony. Petitioner has an 11th grade level education and identified his signature on the plea petition. . . . Further, the record reflects that the Court advised Petitioner at the guilty plea hearing that he was waiving all appeals as part of his guilty plea. . . . For these reasons, the Court finds that Petitioner has failed to establish by clear and convincing evidence that Trial Counsel was ineffective or that prejudice was suffered due to any alleged deficiency.

. . . .

The Amended Petition alleges that his plea was not entered knowingly and voluntarily because of Trial Counsel's ineffectiveness in communicating the offer. As addressed above there is no evidence Trial Counsel failed to adequately convey the plea offer. Petitioner testified at the evidentiary hearing he was aware his options were to either go to trial or accept the plea, neither of which he wished to do. The offer presented to Petitioner remained the same throughout the pendency of the case - - that is 6 years as a Multiple Offender with 35% release eligibility, consecutive to Petitioner's parole violation - - and the Court thoroughly addressed the offer during the plea colloquy. . . . During the hearing, the Court also advised Petitioner that the detainer would be lifted. . . . The transcript of the guilty plea hearing supports that Petitioner entered the plea knowingly and voluntarily. . . .

For example, during the hearing, the Court explicity advised Petitioner that as part of the plea, all issues raised in the suppression motion would be waived; there would be no opportunity to appeal. . . . Petitioner indicated he understood both times the Court advised him of the waiver. . . . Petitioner also advised the Court that he read the plea petition . . . to himself prior to signing. . . . Additionally, when the Court asked Petitioner if he was satisfied with his Trial Counsel, Petitioner responded affirmative[ly]. . . .

A petitioner's plea of guilty constitutes an admission in open court that the petitioner committed the acts charged in the indictment. *Alfonso Camacho v. State*, No. M2008-00410-CCA-R3-PC, 2009 WL 24167715, at *7 (Tenn. Crim. App. Aug. 18, 2009), *perm. app. denied*, (Feb. 22, 2010). The plea, however, is more than an admission; it is the petitioner's consent that judgment of conviction may be entered without a trial. *Id*. "A petitioner's sworn responses to the litany of questions posed by the trial judge at the plea submission hearing represent more than lip service. Indeed, the petitioner's sworn statements and admission of guilt stand as a witness against the petitioner at the post-conviction hearing when the petitioner disavows those statements." *Camacho*, 2009 WL 2467715, at *7.

Accordingly, a review of the record indicating the guilty plea hearing affirmatively demonstrates that the petitioner's guilty pleas were made with an awareness of the consequences, and, as such, the guilty plea was voluntarily and knowingly entered. *Camacho*, 2009 WL 2467715, at *7. . . .

## Ineffective Assistance of Counsel

First, the petitioner contends that trial counsel was deficient in his communication with the petitioner and in his conveyance of the details of the plea agreement. In support of his argument that trial counsel failed to adequately communicate with him, the petitioner relies upon his own testimony from the hearing that trial counsel only spoke with him for approximately twenty minutes during the course of the representation. The petitioner further faults trial counsel for failing to visit him in jail or to set up a conference call.

However, the ruling by the post-conviction court on this issue clearly indicates that the court did not accredit the petitioner's testimony in this regard. The court specifically noted that the testimony was "incredulous." As such, it is clear that the ruling was based upon a credibility determination. This court has noted on countless occasions that it is not the province of this court to re-weigh or re-evaluate such

8

determinations make by a trier of fact. *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). It is the trier of fact who is best suited to make these determinations because they are in a position to actually hear the testimony and are able to observe the witness's demeanor during such testimony. Pursuant to this well-established law, the petitioner is left with no evidence to support his contention.

The record before us supports the post-conviction court's conclusion that "[n]othing in the record indicated that Trial Counsel failed to keep Petitioner informed of the proceedings." Trial counsel testified that he met with the petitioner on multiple occasions, including several court appearances, and felt that the communication between the two was very effective until their last two discussions. Trial counsel also testified that he reviewed discovery with the petitioner and had an in-depth discussion regarding the motion to suppress issue. Based on the evidence in the record, the petitioner has failed to establish his claim of deficient performance with regard to communication.

As his second assertion of deficient performance, the petitioner contends trial counsel failed to effectively or accurately convey the plea offer to him. The petitioner insists that, based upon trial counsel's representation, he believed that the plea agreement allowed for the preservation of the issue of the denial of the motion to suppress. In other words, he believed that the plea provided for the reservation of a certified question of law, which would be appealed to this court. The petitioner stated that he "did not fully comprehend the agreement regarding his sentence because Trial Counsel did not properly inform [him] of that agreement." As part of the same argument, he contends that it was deficient for trial counsel not to provide the petitioner with the opportunity to review the plea documents prior to the entry of the plea. He claims that trial counsel never actually reviewed the documents with him, so he would have had no idea that the certified question of law was not part of the agreement.

Following review of the record, we are simply unable to find any evidence which preponderates against the post-conviction court's findings. Again, the court accredited trial counsel's testimony. *See id.* Trial counsel stated that he specifically told the petitioner just before entry of the plea that it was the same deal that the State had previously offered. Trial counsel explained that this deal was initially offered prior to the filing of the motion to suppress; as such, there was no reason to even consider a certified question. Trial counsel testified at the hearing that he told the petitioner a certified question was not part of the agreement. Moreover, the trial court clearly informed the petitioner that he was waiving his right to appeal the motion to suppress issue and provided him with an opportunity to ask questions.

With regard to review of the plea agreement itself, trial counsel testified that he discussed the State's offer with the petitioner when it was initially made and again just

prior to entry of the plea. The petitioner was adamant that he wanted to accept the deal in order to have the detainer released. Moreover, at the plea hearing, the petitioner testified specifically that he had read and understood the agreement. The petitioner cannot disavow his own statements in order to establish deficient performance. On this evidence, the petitioner has wholly failed to establish an entitlement to relief.

**Knowing and Voluntary Nature of the Guilty Plea**

The petitioner also contends that his guilty plea was not entered knowingly and voluntarily. His entire assertion in this regard centers around the fact that he was not aware that he was waiving his right to appeal the denial of his motion to suppress based on trial counsel's explanation and because he was not afforded an opportunity to review the agreement himself. The petitioner contends that, had he known that right would be waived, he would not have entered the plea. He argues that his plea was not knowing or voluntary because he was unaware of the true terms of the agreement.

We must note at this juncture that the petitioner's argument is somewhat hampered by our conclusion above that there was no deficient performance on trial counsel's part in correctly conveying the agreement or that the petitioner was unaware of the terms when he agreed to accept the offer. Again, a reading of the post-conviction court's order denying relief reveals that the court did not accredit the petitioner's testimony that he was not aware of the details of the agreement. As we noted, that is not a determination that we will disturb on appeal. *See id*. As such, there is no evidence in the record which even supports the petitioner's contentions.

Moreover, as pointed out by the post-conviction court, the transcript of the plea hearing completely belies the assertions now made by the petitioner. The court itself explicitly informed the petitioner that all issues regarding the motion to suppress were being waived by entering the plea. The petitioner stated that he understood. He was afforded an opportunity to ask questions if there was anything which he did not understand. The petitioner further stated that he was satisfied with trial counsel's representation and that he had read the plea agreement documents.

As the post-conviction court found, the petitioner's responses to those questions now stand as witness against him. *See Cammacho*, 2009 WL 2416775, at *7. He may not now disavow those statements because he is unhappy with the bargain he received. At the time, it appears that the petitioner was most concerned with having a detainer released. Entering the plea agreement ensured that occurred. The petitioner possessed an eleventh-grade education and at least some familiarity with the justice system, as he was on parole at the time the crimes were committed. *See Turner,* 99 S.W.3d at 353.

10

After review, we conclude that nothing in the record preponderates against the post-conviction court's finding that the petitioner's plea was entered knowingly and voluntarily. He has failed to establish his burden of proof and is entitled to no relief.

## CONCLUSION

Based upon the foregoing, the denial of post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE